## (January 27, 1977)

■ John C. Saunders, Appellant, v Nathan S. Kline, Respondent.— Judgment, Supreme Court, New York County, entered April 16, 1975, dismissing the complaint at the end of plaintiff's case, unanimously reversed, on the law, and vacated, and the action remanded for a new trial, with $60 costs and disbursements to abide the event. Nathan S. Kline is a doctor of medicine and the director of research at Rockland State Hospital.

In 1964, he was the recipient of the Albert Lasker Foundation award for his work in discovering the beneficial effect of monoamine oxidase inhibitor in the treatment of severe depression. John C. Saunders, a doctor of medicine specializing in drug research, was employed at the Rockland State Hospital. He claims to have first discovered the potential, and developed the use, of monoamine oxidase inhibitor for the treatment of depression. He claims that the idea was initially rejected by Dr. Kline but subsequently Saunders was permitted to conduct research in that area. Saunders initiated this suit against Dr. Kline on a theory of unjust enrichment. The evidence adduced by Saunders was that he administered the drug in 1956 to a select group of patients, with positive results, and that Kline did not participate in any way in this work. Nonetheless, Kline in various publications credited himself with first identification of the use of the drug as an antidepressant. Saunders further contended that the 1964 Lasker award to Kline, including a $10,000 honorarium, resulted from this alleged misrepresentation by Kline. At the end of the presentation of plaintiff's case, the defendant made a motion to dismiss on the theory that plaintiff had failed to establish a prima facie case. The court granted the motion. We would reverse and remand for a new trial. "A *quasi* or constructive contract rests upon the equitable principle that a person shall not be allowed to enrich himself unjustly at the expense of another. In truth it is not a contract or promise at all. It is an obligation which the law creates, in the absence of any agreement, when and because the acts of the parties or others have placed in the possession of one person money, or its equivalent, under such circumstances that in equity and good conscience he ought not to retain it, and which *ex aequo et bono* belongs to another. Duty, and not a promise or agreement or intention of the person sought to be charged, defines it. It is fictitiously deemed contractual, in order to fit the cause of action to the contractual remedy [citations omitted]." *(Miller v Schloss,* 218 NY 400, 407.) Furthermore, it is not a necessary element of a cause of action for unjust enrichment to show that plaintiff suffered a loss corresponding to the gain received by the defendant (Restatement, Restitution, § 1, comment *e;* § 128, comment *f).* In applying these principles to the case at bar, we note that the question of who first began the use of the drug to treat depression, and whether the defendant made misrepresentations in that regard, involved disputed facts which should have been submitted to the jury for resolution, and the fact that Saunders may not have received the Lasker award does not bar recovery by him. Concur—Stevens, P. J., Kupferman, Birns, Lane and Nunez, JJ.