563 P.2d 48

Leo BASTIAN, d/b/a Key Building and Lighting, Plaintiff-Appellant,

v.

V. H. GAFFORD and Geneva Mae Gafford, husband and wife, Defendants-Respondents.

No. 11571.

Supreme Court of Idaho.

April 20, 1977.

Emil F. Pike, Twin Falls, for plaintiff-appellant.

Graydon W. Smith, Boise, for defendants-respondents.

DONALDSON, Justice.

On appeal, plaintiff-appellant contends that because the trial court in its decision failed to distinguish between contracts implied in fact and quasi-contracts, the court did not decide this case on the theory alleged in appellant's complaint. We agree and therefore reverse the judgment and remand this case for a new trial.

During March, 1972, the defendant-respondent V. H. Gafford asked plaintiff-appellant Leo Bastian if he would be interested in constructing an office building upon a parcel of respondent's real property located in Twin Falls, Idaho. After several discussions between the parties, appellant orally agreed to construct the building and began drafting the plans therefor. After the plans were substantially completed, respondent contacted First Federal Savings and Loan Association of Twin Falls to seek financing for the building. He was informed that First Federal required a firm bid by a contractor and would not finance the project on a cost-plus basis. Respondent told appellant of the need for a firm bid, but appellant refused to submit one stating that he would only construct the building on a cost-plus basis. Respondent thereafter hired an architect to prepare a second set of plans, and employed another contractor to construct the building using those plans. On June 29, 1972, appellant filed a material-

men's lien upon respondent's real property in the amount of $3,250 for goods and services rendered in preparing the plans. He then commenced this action to foreclose that lien,[1] alleging an implied-in-fact contract to compensate him for his services. After a trial on the merits, however, the court entered judgment for respondent on the ground that respondent had not been unjustly enriched. Since he did not use appellant's plans in constructing the office building, respondent received no benefit from them and was therefore not required to compensate appellant for drafting them.

In basing its decision on unjust enrichment, the trial court failed to distinguish between a quasi-contract and a contract implied in fact. Although unjust enrichment is necessary for recovery based upon quasi-contract, it is irrelevant to a contract implied in fact. *Continental Forest Products, Inc. v. Chandler Supply Co.*, 95 Idaho 739, 518 P.2d 1201 (1974). For appellant to recover under the latter theory, it is not necessary that respondent either use the plans or derive any benefit from them. *Clements v. Jungert*, 90 Idaho 143, 408 P.2d 810 (1965). It is enough that he requested and received them under circumstances which imply an agreement that he pay for appellant's services.

It is apparent from the record that the requested performance may not have been limited to the drafting of the building plans. We express no opinion on what performance was requested, on whether the requested performance was tendered, and on whether the circumstances imply an agreement to compensate appellant.

The judgment is reversed and the cause is remanded for a new trial. Costs to appellants.

McFADDEN, C. J., and SHEPARD, BAKES, and BISTLINE, JJ., concur.

---

1. Whether I.C. § 45–501 grants a lien for architectural services was not raised below, and we do not decide if that statute should be construed to hold that "performing labor upon, or furnishing materials to be used in the construction" of a building includes the drafting of architectural plans.