567 P.2d 1

**Al HERTZ, Plaintiff-Respondent,**

v.

**Presley FISCUS and Margaret Fiscus, husband and wife, Defendants-Appellants.**

No. 12119.

Supreme Court of Idaho.

May 25, 1977.

J. Ray Cox, Coeur d'Alene, for defendants-appellants.

James W. Atwood, Coeur d'Alene, for plaintiff-respondent.

PER CURIAM.

This is an appeal from a judgment in favor of plaintiff-respondent Al Hertz in an action based on unjust enrichment resulting from Hertz's expenditures in remodeling the restaurant-lounge business of appellants-defendants Fiscus.

In the spring of 1971 the Fiscuses were the owners of the Buttonhook Inn in Bayview, Idaho, which was then under lease to other parties. Hertz approached the Fiscuses offering to lease and operate the facilities. Thereafter he bought out the in-

terest of the lessees and went into possession of the premises May 1, 1971. Prior to and after that time, the parties hereto negotiated as to a lease agreement, but no written agreement was ever reached.

Following Hertz's entry into the premises and during the negotiations between the parties, Hertz, with the knowledge and consent of the Fiscuses, began to extensively remodel the premises. Certain of the otherwise rent due was excused for six months in consideration of part of Hertz's work. The relationship soured in late 1971 and on March 1, 1972, rent was due, apparently never paid, and on March 23, the Fiscuses notified Hertz to vacate.

Hertz relinquished possession and brought this action for restitution of the amount spent in remodeling the premises. The Fiscuses counterclaimed on the basis of offsetting damages caused to the premises by Hertz's allegedly substandard and incomplete work. Following trial, the district court found that a portion of the work done by Hertz did inure to the benefit of Fiscuses and was retained by them and that they were thereby unjustly enriched in the amount of $3,489.47. The counterclaim of the Fiscuses was denied on the basis that they failed to prove which work of Hertz required the expenditure of later sums by the Fiscuses to remedy substandard and incomplete work.

■ Although defendants argue that no written agreement was executed between the parties, unjust enrichment does not depend upon the existence of a valid contract. *Continental Forest Products v. Chandler*, 95 Idaho 739, 518 P.2d 1201 (1974). The Fiscuses also argue that the trial court had no discretion to render relief on the basis of unjust enrichment since Hertz had pleaded the existence and breach of a contract. We disagree since plaintiff's complaint adequately sought such relief.

■ The essence of the quasi-contractual theory of unjust enrichment is that the defendant has received a benefit which would be inequitable to retain at least without compensating the plaintiff to the extent that retention is unjust. *Continental Forest Products v. Chandler, supra; Bair v. Barron*, 97 Idaho 26, 539 P.2d 578 (1975). Cf. *Bastian v. Gifford*, 98 Idaho 324, 563 P.2d 48 (1977). No intention is shown to make a gift and it is clear that Hertz's intention was to improve the premises and thus generate more business from which he would profit. The Fiscuses approved the work of Hertz from its outset with knowledge of the expenditure of the money and time involved. The Fiscuses failed to object to any of Hertz's work during the time it was in progress.

In essence, the trial court found that when Hertz could no longer afford to continue the work, a portion of what he had done was of value to the Fiscuses and they thus harvested the fruit of his labor and expense. The district court determined that refusal to pay for those improvements which were of value to the Fiscuses would be inequitable. We find no error therein. *See, Nielson v. Davis*, 96 Idaho 314, 528 P.2d 196 (1974).

■ The Fiscuses further argue that Hertz's belief in a long term tenancy was unreasonable since the lease was never signed. However, such is not dispositive since one acting through a mistake caused by his own lack of due care may be entitled to restitution where unjust enrichment has been found. Restatement, Restitution (1936) §§ 53(3), 59.

■ Also, we affirm the dismissal of defendants' counterclaim. A critical element necessary of proof was that the Fiscuses were required to make expenditures upon re-entering the premises and that such were caused by the poor and incomplete workmanship of Hertz. While the Fiscuses did make expenditures upon their re-entry, certain of those expenditures were unrelated either to the former state of the premises or to the remodeling efforts of Hertz. The Fiscuses were unable to segregate the amounts spent as between the categories and the district court in effect was being asked to speculate in ascertaining the offsetting damages sustained by the Fiscuses. It properly refused to do so. *Hufford v.*

458

*Cicovich*, 47 Wash.2d 905, 290 P.2d 709 (1955); *Scott v. Rainbow Ambulance Service, Inc.*, 75 Wash.2d 494, 452 P.2d 220 (1969).

We have reviewed appellants' remaining assignments of error and find them to be without merit. The rulings and judgment of the trial court were sustained by the evidence and the judgment is affirmed. Costs to respondents.