614 P.2d 327

**JOHN A. ARTUKOVICH & SONS, INC., a California Corporation, Appellee,**

v.

**RELIANCE TRUCK CO., an Arizona Corporation, Appellant.**

**No. 14739–PR.**

Supreme Court of Arizona, In Banc.

July 8, 1980.

Molloy, Jones, Donahue, Trachta, Childers & Mallamo, P. C. by Gary F. Howard, Tucson, for appellee.

Yankee, Bernstein & Lutich, P. C. by Thomas W. McLellan, Phoenix, for appellant.

HOLOHAN, Vice Chief Justice.

After trial to the court plaintiff, John A. Artukovich & Sons, Inc., was granted judgment for compensatory damages of $6,956.59 and punitive damages of $6,000.00 against defendant, Reliance Truck Company, for conversion of plaintiff's crane. The Court of Appeals set aside the trial court's judgment for conversion, and ordered plaintiff's recovery to be reduced to compensatory damages of $1,456.59, which represented the out-of-pocket expenses actually incurred by plaintiff as a result of defendant's unauthorized use of the crane. We granted plaintiff's petition for review. The opinion of the Court of Appeals is vacated.

The facts necessary for determination of this matter are as follows: Plaintiff in an agreement dated July 1, 1975, leased its crane to the Ashton Company for use in Tucson, Arizona, in the construction of the addition to the University Stadium. The lease was for a nine-month term commencing on September 1, 1975, or the first day the crane was actually used, whichever came first, for a stated rental and provided for delivery to Ashton "F.O.B., Tempe, Arizona" on or about July 26, 1975.

Ashton hired the defendant to transport the crane from Tempe to Tucson by August 1, 1975. On Wednesday, July 23, 1975, Reliance dismantled and loaded the crane on its trucks in Tempe for the trip to Tucson. Meantime, Reliance was notified of the arrival in West Phoenix of a 246,000 lb. transformer that Reliance had previously contracted to put into place at a West Phoenix Arizona Public Service sub-station. Reliance's operation manager, Sam Curl, called Ashton's equipment manager to request permission to use the crane to unload the transformer prior to the trip to Tucson. The Ashton employee told Curl that he would have to talk to Harold Ashton but he would get back to Curl. The crane was moved to the West Phoenix jobsite on Thursday and reassembled on Friday before Curl called Ashton Company again and was told, "That the deal would have to be made with John Artukovich." Reliance already owed another Artukovich Company some money.

Curl testified he tried unsuccessfully to obtain permission from Artukovich by telephoning on Friday afternoon and left a message. Nevertheless, on Saturday Reliance used the crane without ever having received permission from Artukovich. The crane was then delivered to Tucson where after replacement of the cable and a safety inspection it was used by Ashton pursuant to the lease.

There was no evidence that Reliance made any further efforts to seek out Artukovich and pay a rental fee for the use of the crane. Artukovich found out about the unauthorized use from Ashton and sued Reliance on three counts: Counts I and III sounding in tort for the act of conversion and Count II on an implied contract theory. The trial judge's minute entry, dated November 3, 1978, awarded plaintiff judgment as follows:

"1.  For use of the crane (one month minimum rental) $5,500.00.

2.  Crane inspection fee, $493.05.

3.  Replaced cable, $963.54.

4.  Attorney's fees in the amount of $3,500.00.

5.  Punitive damages in the amount of $2,500.00.

6.  Plaintiff's costs."

After defendant's motion for a new trial questioned the correctness of awarding attorney's fees and punitive damages in the same action, plaintiff's judgment for the lump sum of $12,956.59 was vacated and plaintiff was given judgment in the amount of $6,956.59 for actual damages and $6,000.00 punitive damages plus costs. Defendant filed a timely appeal which resulted in the above described action by the Court of Appeals.

The issues presented are (1) can plaintiff, Artukovich, recover on a theory of conversion from the defendant, Reliance, and (2) if not, is plaintiff entitled to judgment based on an implied contract theory.

■  Before plaintiff can recover in an action for the wrongful detention of its

property it must show that it had a legal right to use the property and was in a position to use it and was prevented from such use only by the defendant's wrongful detention. *Higgins v. Guerin*, 74 Ariz. 187, 191–192, 245 P.2d 956 (1952). See also *Markel v. TransAmerica Title Ins. Co.*, 103 Ariz. 353, 442 P.2d 97 (1968).

■ Plaintiff's lease to Ashton, provided for delivery of a crane F.O.B. Tempe. Since Ashton had taken possession of the crane by authorizing its agent, Reliance, to transport the crane to Tucson, plaintiff, Artukovich, no longer had any right to use nor was it in a position to use the crane at the time of Reliance's unauthorized use. Plaintiff, therefore, cannot recover damages for its loss of use of the crane on a theory of conversion.

Although plaintiff may not recover on its tort theory, Count II of the complaint set forth a claim based on implied contract. It is clear from the trial court's minute entry of November 3, 1978, that the trial judge found sufficient evidence to support plaintiff's claim based on an implied contract. Our review of the evidence leads us to the same conclusion.

■ Contracts implied-in-law or quasi-contracts, also called constructive contracts, are inferred by the law as a matter of reason and justice from the acts and conduct of the parties and circumstances surrounding the transactions, *Alexander v. O'Neil*, 77 Ariz. 91, 98, 267 P.2d 730 (1954), and are imposed for the purpose of bringing about justice without reference to the intentions of the parties. *Trollope v. Koerner*, 106 Ariz. 10, 470 P.2d 91 (1970); Restatement of Contracts, § 5. See also *Mill & Logging Supply Co. v. West Tenino Lumber Co.*, 44 Wash.2d 102, 265 P.2d 807 (1954); *Anderson v. Copeland*, 378 P.2d 1006 (Okl.1963); *Hixon v. Allphin*, 76 Idaho 327, 281 P.2d 1042 (1955); *Weitzenkorn v. Lesser*, 40 Cal.2d 778, 256 P.2d 947 (1953).

Restatement of Restitution, § 1 provides, "A person who has been unjustly enriched at the expense of another is required to make restitution to the other." Comment (a) to that section notes that a person is enriched if he received a benefit and is unjustly enriched if retention of that benefit would be unjust. Comment (b) defines a benefit as being any form of advantage. The facts in this case show that the defendant did receive a benefit or advantage through the use of plaintiff's crane. Defendant received $6,000.00 for putting the transformer in place pursuant to a contract with Arizona Public Service. The defendant has acknowledged throughout the litigation that it recognized and intended to pay someone a reasonable rental value for the crane's use.

Thus, the only issue remaining is what should plaintiff recover for the defendant's unauthorized use of its crane.

■ Unjust enrichment does not depend upon the existence of a valid contract, *Hertz v. Fiscus*, 98 Idaho 456, 567 P.2d 1, 2 (1977), nor is it necessary that plaintiff suffer a loss corresponding to the defendant's gain for there to be a valid claim for an unjust enrichment, *Saunders v. Kline*, 391 N.Y.S.2d 1, 2, 55 A.D.2d 887 (App.Div.1977). Thus, even though plaintiff had no right to use the crane at the time of defendant's unauthorized use, the defendant is liable to plaintiff because the defendant received a benefit by using plaintiff's crane to perform the contract with Arizona Public Service. To allow the defendant to use plaintiff's crane without compensating plaintiff for its use would unjustly enrich the defendant and would be inequitable. *Hertz v. Fiscus*, supra; *Fleming v. Wineberg*, 253 Or. 472, 455 P.2d 600 (1969). See also Restatement of Restitution, § 1, Comment (e) and *Automotive Tire Service, Inc. v. First National Bank of Arizona, Phoenix*, 102 Ariz. 512, 433 P.2d 804 (1967).

The judgment of the trial court is reversed, and the cause is remanded to Superior Court with direction to enter judgment for the plaintiff on Count II of the Complaint, and proceed to re-try only the issue of damages. Each party is to bear their own costs for this appeal.

STRUCKMEYER, C. J., and HAYS, CAMERON and GORDON, JJ., concur.