640 P.2d 1186

Robert W. HASKIN and Neoma Haskin, husband and wife, Plaintiffs-Respondents, Cross-Appellants,

v.

Steve GLASS and Linda Glass, husband and wife, Defendants-Appellants, Cross-Respondents.

No. 13468.

Court of Appeals of Idaho.

Feb. 2, 1982.

Richard H. Greener, of Clemons, Cosho & Humphrey, Boise, for defendants-appellants, cross-respondents.

D. Blair Clark, of Anderson, Kaufman, Anderson & Ringert, Boise, for plaintiffs-respondents, cross-appellants.

BURNETT, Judge.

This case presents three principal issues: (1) Is the Idaho Consumer Protection Act applicable to a prospective real estate transaction where no contract of sale was consummated? (2) May a tenant recover for unjust enrichment resulting from improvements made to leased property by the tenant, with the landlord's knowledge and acquiescence, during a time when the parties were contemplating purchase of the property by the tenant? (3) Does an award of

attorney fees under I.C. § 12–121 to a partially prevailing party, prior to the effective date of I.R.C.P. 54(e)(1), constitute an abuse of discretion?

The record in this case discloses that in 1976, appellants Glass (herein "renters") entered into an oral, month-to-month lease of residential real property in Ada County from cross-appellants Haskin (herein "owners"). In 1977, the renters executed an "earnest money agreement" to purchase the property, and the owners executed another "earnest money agreement" to sell the property, under different terms. Neither party executed the agreement signed by the other. A controversy about a lot line, and its implications under the set-back requirements of a county ordinance, resulted in failure of the parties to consummate a sale contract.

The renters continued to reside on the property but discontinued paying rent. The owners brought an unlawful detainer action against the renters, seeking possession of the property and recovery of back rent. As a result of the suit, the renters paid the back rent but moved from the property and purchased a house elsewhere. They then filed a counterclaim in the unlawful detainer action, which had become moot but had not yet been dismissed. In their counterclaim the renters sought to recover the value of landscaping at the owners' property, moving expenses, and the price differential between the selling price of the owners' property and the other property the renters had purchased.

The owners moved for summary judgment, contending that the renters were entitled to recover nothing because the parties had not entered into a contract for sale of the property. The court partially granted the motion, dismissing the damage claim for the price differential, but allowing the renters leave to amend their counterclaim. The renters moved to add a claim under the Idaho Consumer Protection Act ("ICPA"), I.C. § 48–601 *et seq.* The theory of this claim appears to have been that the lot line problem was evidence of a deceptive act or practice within the scope of the ICPA. The court also dismissed this claim on the ground that no sale contract had been created by the parties. The court reserved until trial the issues concerning moving expenses and landscaping.

During trial to the court, the renters again raised the ICPA issue and moved to amend their counterclaim to conform to evidence of an oral agreement for sale of the property. The motion was denied. After trial, the court entered judgment denying recovery of moving expenses but allowing recovery by the renters of $840.00 for landscaping, on a theory of unjust enrichment. However, the judgment also awarded the owners their costs of $87.60 and attorney fees of $1,400.00.

On appeal the renters have challenged the trial court's denial of their motions to amend. In their cross-appeal the owners have argued that the court erred in allowing recovery for the value of landscaping. Both sides have raised the issues of attorney fees at trial and on appeal. We *affirm* the district court on all points.

## I

The trial court found that the renters and the owners did not enter into a contract for the sale of the property. The record indicates that counsel for the renters conceded in argument before the trial court, on the motion for summary judgment, that the parties did not have a contract. As noted above, the renters subsequently attempted at trial to base their claims upon an oral agreement. Counsel for the owners objected, contending that the issue of an oral agreement was outside the pleadings and that opposing counsel's prior concession about lack of a contract had not been limited to a written instrument. The court then considered an offer of proof by the renters and a motion to amend the counterclaim to conform to such proof. The court concluded that the parties had, at most, an oral "agreement to agree," but not a meeting of the minds. The owners' objection to further evidence of an oral agreement was sustained.

On appeal, even if we assume that the renters' counsel had not previously concerned lack of an oral agreement, the court's denial of a motion to amend the counterclaim in this regard must be upheld. The court's finding that the parties in fact reached no meeting of the minds is supported by the record and should not be set aside. I.R.C.P. 52(a). Moreover, I.C. § 9–505(5) requires a contract for sale of real property to be in writing. An exception is recognized in cases of partial performance where specific performance is sought. *E.g.*, *Tew v. Manwaring*, 94 Idaho 50, 480 P.2d 896 (1971). However, the renters in this case have not demanded specific performance, and the record discloses no performance by them of any obligation other than payment of rent.

The lack of any sale contract, oral or written, is the context in which the trial court considered the renters' other motion to amend their counterclaim by adding a claim under the ICPA. The court found that a "purchase had not been completed" in this case, and concluded that no claim under the ICPA could be made. On appeal the renters have called attention to the court's reference to the lack of a "completed" purchase and have argued that the court erred in suggesting that a "completed" transaction is essential to a claim under the ICPA.

I.C. § 48–608(1) of the ICPA provides that "[a]ny person who purchases or leases goods or services and thereby suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by another person of a method, act or practice declared unlawful by … [the] act," may file an action for damages. We do not construe this language to require that a purchase or lease be "completed" in order for an action to be brought. However, we have reviewed the regulations promulgated by the Idaho Attorney General pursuant to I.C. § 48–604(2), the decisions of the Idaho Supreme Court interpreting

the ICPA to date, and cases reported under 15 U.S.C. § 45(a)(1), which are deemed guides to construction of the ICPA under I.C. § 48–604(1). We find no authority for applying the ICPA to a merely contemplated transaction, where there was no contract. We hold, as we believe the trial court intended, that a claim under the ICPA must be based upon a contract.[1] The trial court correctly denied leave to amend the counterclaim because the renters did not enter into a contract with the owners to purchase the property.

## II

The owners have argued on cross-appeal that the court erred in allowing the renters to recover the value of landscaping on a theory of unjust enrichment. They cite *Knauss v. Hale*, 64 Idaho 218, 227, 131 P.2d 292, 295–96 (1942), for the proposition that where improvements are made by a tenant in the absence of an agreement, the landlord need not compensate the tenant. *Knauss* was actually a partnership case. There the trial court found that expenditure of partnership money to improve a partner's land for the benefit of the partnership was consistent with the partnership agreement, and that the value of the improvement could not later be recovered from the partner. On appeal, our Supreme Court analogized the situation to one of landlord and tenant. In dictum the court recited the common law rule that a tenant, in the absence of an agreement, could not recover from the landlord for improvements made to the leasehold. 64 Idaho at 227, 131 P.2d at 295–96.

An equitable exception to this common law rule has developed in Idaho. *Hertz v. Fiscus*, 98 Idaho 456, 567 P.2d 1 (1977); *Bair v. Barron*, 97 Idaho 26, 539 P.2d 578 (1975); *Nielson v. Davis*, 96 Idaho 314, 528 P.2d 196 (1974). In *Hertz* a former tenant sued his former landlord on a theory of unjust enrichment resulting from the tenant's remodeling of the landlord's property at a

---

1. In this appeal the parties did not raise the issue of whether I.C. § 48–608(1) would otherwise be applicable to a residential real estate sale. In view of our holding on the lack of a contract, it is unnecessary to address that issue here.

time when the tenant had been negotiating to purchase the property. The Idaho Supreme Court upheld a judgment for the tenant, noting that the record had disclosed no intention by the tenant to make a gift, that the landlord approved of the tenant's work, and that the landlord failed to object to the tenant's work while it was in progress. 98 Idaho at 457, 567 P.2d at 2.

The facts of the instant case are similar. There is no evidence that the renters landscaped the owners' property as a gift. The parties executed separate earnest money agreements in an effort to create a contract of sale. The record indicates that the owners were aware of the landscaping, which was done when the parties were mutually contemplating a conveyance of the property to the renters; and that no objection was made by the owners. We sustain the trial court's ruling that the owners were unjustly enriched under the circumstances of this case.

### III

 The renters have appealed the trial court's award of attorney fees to the owners under I.C. § 12–121. The owners, in turn, seek a further award of fees under the same statute in these appellate proceedings. The renters argue that the trial court erred because fees may be awarded under I.C. § 12–121 only if the court finds that the case was "brought, pursued or defended frivolously, unreasonably or without foundation" under I.R.C.P. 54(e)(1). They assert that the record in this case does not support any such finding.

The renters' argument is inapposite. Rule 54(e)(1) does not apply to the instant case. The owners filed their unlawful detainer complaint on October 25, 1977. Rule 54(e)(1) applies only to actions filed on or after March 1, 1979. See Rule 54(e)(9). Prior to the advent of Rule 54(e)(1), I.C. § 12–121, standing alone, gave the trial court broad discretion to award attorney fees to prevailing parties. In the present case, both parties partially prevailed; but the owners prevailed on all issues except that of unjust enrichment for landscaping.

In view of the broad statutory discretion accorded the trial court, which is not narrowed in this case as to attorney fees by Rule 54(e)(1), we uphold the court's award under I.C. § 12–121. The amount of the award has not been contested.

▮ The owners also seek attorney fees on appeal. The governing authority is *Minich v. Gem State Developers, Inc.*, 99 Idaho 911, 591 P.2d 1078 (1979). Our Supreme Court in *Minich* held that an award of attorney fees on appeal, under I.C. § 12–121, is discretionary and normally should not be made unless the appellate court is left with "the abiding belief that the appeal was brought ... frivolously, unreasonably or without foundation." 99 Idaho at 918, 591 P.2d at 1085. Taken as a whole, we believe that the matters raised by the renters on appeal presented genuine issues of law and that the appeal was brought in good faith. We also note that the renters successfully responded to the owners' cross-appeal. Accordingly, we award no attorney fees on appeal.

The judgment of the district court is affirmed. Costs to respondents, cross-appellants.

WALTERS, C. J., and SWANSTROM, J., concur.