OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
In its complaint seeking a commission, plaintiff — a real estate broker — alleged that it procured a buyer for certain property owned by defendants, that it advised defendants that such offer was subject to the commission, that the buyer was ready, willing and able to purchase the premises on the terms and conditions agreed to by defendants, and that it therefore had a right to recover the commission from defendants. In discovery and in affidavits responding to defendants’ motion for summary judgment, plaintiff described a series of telephone calls and meetings which it initiated in May 1983, culminating several months later in the termination of negotiations between defendants and plaintiff’s proposed buyer ("the Goodsteins”) and defendants’ sale of the property to another party. Plaintiff urges that there is at least a triable issue of material fact with respect to its employment as defendants’ agent for the sale of the property, giving rise to an implied contract. A divided Appellate Division granted summary judgment dismissing the complaint, concluding that there was no agreement to employ plaintiff as defendants’ agent, and that as a mere volunteer plaintiff had no right to a commission.
Central to plaintiff’s recovery of any brokerage commission from defendants, of course, is that it must plead and prove that it was employed by defendants. Any implication of employment of plaintiff as defendants’ agent in this transaction is explicitly negated by plaintiff’s own signed agreement with the Goodsteins — which it in no way disavows — and which begins: "We have acted as your agent in connection with your prospective acquisition of the above premises.” A contract cannot be implied in fact where there is an express contract covering the subject matter involved (Miller v Schloss, 218 NY 400, 406-407). Here, not only is there an express contract *630 regarding plaintiffs employment as a broker with respect to the sale of the property, but also the contract reciting that plaintiff has "acted as [the buyer’s] agent” in the transaction negates plaintiffs present contention that it was in fact employed as the sellers’ agent.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
Order affirmed, with costs, in a memorandum.