**TOWER INTERNATIONAL, INC., Plaintiff,**

v.

**CALEDONIAN AIRWAYS, LIMITED, Defendant.**

**No. CV93–1122 (CPS).**

United States District Court, E.D. New York.

Feb. 26, 1997.

---

**136**

John Shutty, III, New York City, for Plaintiff.

Avram S. Fischer, Brooklyn, NY, for Defendant.

### ORDER

COOK, District Judge.

This matter comes before the Court on post trial motions by the Plaintiff, Tower International, Inc. (Tower) and the Defendant, Caledonian Airways, Limited (Caledonian). On December 13, 1996, Caledonian filed a motion for the entry of a judgment as a matter of law, or alternatively, for a new trial. Three days later, Tower filed a motion which, if granted, would oblige the Court to set aside the verdict and conduct a new trial on the issue of damages.[1] For the reasons that are stated below, Caledonian's motion for a judgment as a matter of law is granted, and Tower's motion is denied.

### I.

This action arose out of the charter of a Lockheed L–1011 aircraft by Caledonian to Air Algerie in March 1990. In its Complaint, Tower claimed that it was entitled to a "finder's fee" of 5% of the charter amount for its role in representing the interests of Caledonian and procuring the lease agreement. It was Tower's specific contention that (1) it had an express brokerage agreement with Caledonian during all of the times that are relevant to this controversy, and (2) its unrewarded efforts to broker the lease agreement with Air Algerie had resulted in an unjust enrichment to Caledonian. Caledonian rejected these arguments, insisting that Tower had neither been hired to broker the lease agreement with Air Algerie nor was it the procuring cause of the lease. A jury trial ensued.

On November 27, 1996, the jury concluded that Tower, despite not having been specifically hired by Caledonian as a broker, was the catalyst for the charter agreement between Caledonian and Air Algerie. Thereafter, the jury returned a verdict in the sum of

---

1. In its motion, Tower contends that "the jury verdict on the issue of damages was against the weight of the evidence and that the jury did not follow the Court's instructions." (Tower's Memorandum at 1). Tower argues that "[p]ursuant to this Court's instructions and Rule 36 of the Fed. R. Civ. Proc. the jury was required to find that the reasonable value of the benefit conferred on Caledonian Airways by the Plaintiff Tower International was $160,280.88, five percent of the amount Caledonian Airways received from Air Algerie."

$64,500 in favor of Tower on the basis of its unjust enrichment claim.

## II.

█ In deciding a motion for judgment as a matter of law pursuant to Fed.R.Civ.P. 50(b), the Court must inquire if the evidence presented a sufficient disagreement which would require its submission to the jury or whether the facts were so heavily weighted that one party must prevail as a matter of law. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986); *Malarkey v. Texaco, Inc.,* 983 F.2d 1204, 1213 (2d Cir.1993). The court in *Richardson v. Richardson–Merrell, Inc.,* 857 F.2d 823 (D.C.Cir.1988), *cert. denied,* 493 U.S. 882, 110 S.Ct. 218, 107 L.Ed.2d 171 (1989), relying on *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986), explained:

> [T]he question for us is not whether there was *some evidence,* but whether in terms of "the actual quantum and quality of proof necessary to support liability," there was *sufficient evidence* upon which a jury could properly base a verdict for the [plaintiffs].... To survive a motion for judgment n. o. v., the evidence [plaintiffs] introduced had to be more than merely colorable; it must have been significantly probative if the jury's verdict is to stand.

857 F.2d at 828–829 (footnotes omitted); *accord Metromedia Co. v. Fugazy,* 983 F.2d 350, 359 (2d Cir.1992).

In its motion, Caledonian submits that this Court erred in its determination as a matter of law that Tower need not produce legally sufficient signed writings in order to sustain a claim for unjust enrichment. According to Caledonian, the jury in the case at bar was erroneously instructed as follows:

> In the Plaintiff's second cause of action, it claims that even if there was no contract between the parties, the Defendant was unjustly enriched by the Plaintiff's services. Unjust enrichment is an equitable remedy that is designed to ensure a just result where there is no contract and none was intended.

In order to recover under a theory of unjust enrichment, the Plaintiff must show that:

> (1) a benefit was conferred upon the Defendant; and
>
> (2) as between the two parties, enrichment of the Defendant was unjust.

Thus, if you find that there was no contract between the parties, but that the Plaintiff was the procuring cause of the Defendant's charter to Air Algerie, and that the Defendant was unjustly enriched by the Plaintiff's actions, you must find for the Plaintiff.

In retrospect, the instructions relating to the Statute of Frauds issue, which were issued to the jury and have been challenged by Caledonian in the instant motion, are contrary to the prevailing law of New York. Hence, Caledonian's motion for a judgment as a matter of law must be granted.

### A. Unjust Enrichment

Tower's second cause of action is best described as one for *quantum meruit* or a restitutionary action to prevent unjust enrichment. *See New York v. SCA Services, Inc.,* 761 F.Supp. 14, 15 (S.D.N.Y.1991). It does not arise from the breach of a written contract, but rather from a "quasi" or an "implied in law" contract:

> A quasi or constructive contract rests upon the equitable principle that a person shall not be allowed to enrich himself unjustly at the expense of another. In truth, it is not a contract or promise at all. It is an obligation which the law creates, in the absence of any agreement, when and because the acts of the parties or others have placed in the possession of one person money, or its equivalent, under such circumstances that in equity and good conscience he ought not to retain it, and which Ex aequo et bono belongs to another. Duty, and not a promise or agreement or intention of the person ought to be charged, defines it. It is fictitiously deemed contractual, in order to fit the cause of action to the contractual remedy.

*Bradkin v. Leverton,* 26 N.Y.2d 192, 196, 309 N.Y.S.2d 192, 257 N.E.2d 643 (1970). *See also Saunders v. Kline,* 55 A.D.2d 887, 888,

391 N.Y.S.2d 1, 2 (1977), *quoting, Miller v. Schloss*, 218 N.Y. 400, 407, 113 N.E. 337, 339 (1916).

 This theory of recovery is founded upon unjust enrichment rather than a contractual duty. Thus, a plaintiff need not produce evidence of a written agreement:

> [A] quasi–contractual obligation is one imposed by law where there has been no agreement or expression of assent, by word or act, on the part of either party involved. The law creates it, regardless of the intention of the parties, to assure just and equitable results.

*Bradkin*, 26 N.Y.2d at 196, 309 N.Y.S.2d 192, 257 N.E.2d 643 (citations omitted). A plaintiff, who seeks recovery pursuant to a quasi contract, must establish (1) the performance of services in good faith, (2) the acceptance of the services by the person to whom they are rendered, (3) an expectation of compensation, and (4) the reasonable value of the services. *Longo v. Shore & Reich, Ltd.*, 25 F.3d 94, 98 (2d Cir.1994). Not only is the production of a written agreement unnecessary, "[t]he prerequisite for [a quasi contract] is that there be no express agreement dealing with the same subject matter." *Julien J. Studley, Inc. v. New York News, Inc.*, 70 N.Y.2d 628, 629, 518 N.Y.S.2d 779, 512 N.E.2d 300 (1987).

The standards, which have been set forth above, formed the basis of the instructions to the jury relating to the unjust enrichment issue.

### III.

Caledonian maintains that the Statute of Frauds precludes Tower's unjust enrichment cause of action because the alleged brokerage agreement had not been memorialized in a legally sufficient writing. In its verdict, the jury found, in part, that Tower had not produced a sufficiency of writings which would establish an employment relationship with Caledonian prior to the formalization of the lease agreement with Air Algerie. Thus, it was the conclusion of the jury that there was no written agreement between the parties to this controversy.

Hence, the issue to be resolved is whether a claim for unjust enrichment may stand in the absence of a writing or a collection of writings that would establish the essential terms of the contract between the parties.

Notwithstanding the common law elements which apply to claims for unjust enrichment, the New York legislature has delineated unique standards for agreements that involve claims for finder's fees. In recommending an amendment to N.Y. Gen. Obli. L. § 5–701(a)(10), the New York Law Revision Commission characterized it as a clarification of the original intent of the statute. *Minichiello v. Royal Business Funds Corporation*, 18 N.Y.2d 521, 523, 277 N.Y.S.2d 268, 223 N.E.2d 793 (1966). The Commission stated that its purpose was to make clear that "the contracts required to be evidenced by a writing include a contract or agreement for the compensation of a business broker for acting as a 'finder,' 'originator' or 'introducer,' or for assisting in the negotiation or consummation of the transaction, and that the requirement cannot be avoided by an action for compensation in quantum meruit." *Id.* at 525, 277 N.Y.S.2d 268, 223 N.E.2d 793, *quoting* N.Y.Legis.Doc., 1964, No. 65(F).

N.Y. Gen. Obli. L. § 5–701(a)(10), as amended in 1964, reads as follows:

### § 5–701. *Agreements Required to Be In Writing*

a. Every agreement, promise or undertaking is void, unless it or some note or memorandum thereof be in writing, and subscribed by the party to be charged therewith, or by his lawful agent, if such agreement, promise or undertaking:

\* \* \* \* \* \*

10. [This section applies to any] contract to pay compensation for services rendered in negotiating a loan, or in negotiating the purchase, sale, exchange, renting or leasing of any real estate or interest therein, or of a business opportunity, business, its goodwill, inventory, fixtures or an interest therein, including a majority of the voting stock interest in a corporation and including the creating of a partnership interest. "Negotiating" includes procuring an introduction to a party to the transaction or assisting in the negotiation or consummation of the transaction. *This provision*

*shall apply to a contract implied in fact or in law to pay reasonable compensation* but shall not apply to a contract to pay compensation to an auctioneer, an attorney at law, or duly licensed real estate broker or real estate salesman. (emphasis added).

Thus, according to New York law, a "contract to pay a finder's fee must, of course, be in writing and obviously, this requirement may not be avoided by an action for compensation in *quantum meruit." Bradkin v. Leverton,* 26 N.Y.2d 192, 309 N.Y.S.2d 192, 257 N.E.2d 643 (1970). *See also Minichiello v. Royal Business Funds Corporation,* 18 N.Y.2d 521, 525, 277 N.Y.S.2d 268, 223 N.E.2d 793 (1966) (recovery in quantum meruit by finders or brokers precluded by statute); *Philo Smith & Co., Inc. v. USLIFE Corporation,* 554 F.2d 34 (2d Cir.1977) (absence of effective written note or memorandum of agreement generally fatal to action for finder's fee on basis of express, implied or quasi contract theories); *Davis & Mamber, Ltd. v. Adrienne Vittadini, Inc., et al.,* 212 A.D.2d 424, 622 N.Y.S.2d 706, 707 (statute of frauds bars quantum meruit claims where writing insufficient to establish contract to procure services of broker).

In summary, while a plaintiff may ordinarily recover for services that were rendered in the absence of a contract under a theory of unjust enrichment, the New York legislature specifically restricted such a claim when the services are rendered by a broker. In so doing, it sought to reduce the amount of unfounded and multiple claims for commissions that are frequently asserted. *Minichiello v. Royal Business Funds Corporation,* 18 N.Y.2d 521, 526, 277 N.Y.S.2d 268, 223 N.E.2d 793 (1966).

In the case at bar, Tower's claim for unjust enrichment against Caledonian is based upon writings which the jury found insufficient to establish an employment relationship. Under New York law, this claim cannot stand. Thus, Caledonian's motion for judgment as a matter of law must be granted.

### IV

For the reasons that are stated above, Caledonian's motion for a judgment as a matter of law is granted. Tower's motion for a new trial is denied.

IT IS SO ORDERED.