Issues of fact preclude summary judgment in favor of either side in this dispute over plaintiffs entitlement to a commission for the procurement of a sublease of defendants’ commercial premises. In support of their contention that they do not owe plaintiff a commission, defendants rely on the fact that plaintiff had an exclusive agency agreement with the sublessee (see Julien J. Studley, Inc. v New York News, 70 NY2d 628, 629-630 [1987]). However, the sublease entered into by defendants acknowledged plaintiffs services as broker. Thus, an issue of fact exists whether defendants “impliedly” employed plaintiff as broker for this transaction (see Gronich & Co. v 649 Broadway Equities Co., 169 AD2d 600 [1991]). Plaintiff failed to *410 demonstrate conclusively its implied employment by defendants since the evidence it submitted on this issue is controverted by defendant’s evidence (see Joseph P. Day Realty Corp. v Chera, 308 AD2d 148, 153-154 [1st Dept 2003]).
CPLR 4547 does not bar evidence of a proposed agreement by which defendants would pay plaintiffs commission in exchange for indemnification against the claims of a prior broker since the proposal was not an offer to compromise a claim, but an attempt to reach a business agreement. Concur — Saxe, J.P., Friedman, Acosta, Renwick and Freedman, JJ.