825 P.2d 1119

**Kenneth W. HAESSLY and Janet Haessly, husband and wife, Plaintiffs–Respondents,**

v.

**SAFECO TITLE INSURANCE COMPANY OF IDAHO, a corporation, Defendant–Appellant.**

No. 17888.

Supreme Court of Idaho, Moscow, April 1990 Term.

Jan. 31, 1992.

Rehearing Denied March 20, 1992.

Judd Law Office, P.A., Post Falls, for appellant. Linda Judd argued.

Elsaesser, Jarzabek & Buchanan, Sandpoint, for respondents. Andrea Siler argued.

McDEVITT, Justice.

This action arises out of an in-court oral stipulation between Safeco Insurance, the Haesslys, and a third party, the Shankles. Safeco's predecessor-in-interest had issued a policy of title insurance for the property owned by the Shankles. Upon finding that no legal easement existed for access to their property, the Shankles sued Safeco for damages alleging that Safeco had insured their legal right to an easement for access to their property. Safeco joined the Haesslys, and also others, as counter and cross-defendants alleging that Safeco could exercise the power of eminent domain to obtain an easement for access from the Shankles' property to Highway 95 across the property owned by the Haesslys.

The Shankles moved to sever their claim against Safeco from Safeco's claims against the various third-party defendants. The Shankles' motion was granted and the *Shankle v. Safeco* action proceeded "as a separate suit." After trial had begun on the *Shankle v. Safeco* matter, the parties entered into an oral stipulation. Safeco agreed to purchase an easement for access to Highway 95 from the Shankles' property over the Haesslys' property for $15,000 and then Safeco would pay for the construction of a road across the easement. This stipulation was entered into the court record, but a written stipulation was never entered into by the parties and no judgment on this stipulation was entered.

Safeco claims that the Haesslys were unable to transfer an easement over their property to provide access to Highway 95 because the State Department of Transportation would not approve an access to Highway 95 from the Haesslys' property. This required Safeco and the Shankles to enter into a different agreement to resolve the access problem and the *Shankle v. Safeco* claim was dismissed. Ultimately, Safeco's claims against the various counter and cross-defendants were also dismissed. The Haesslys sued Safeco, seeking damages of $15,000 pursuant to the oral stipulation. Both parties made motions for summary judgment. The trial court entered judgment in favor of the Haesslys, requiring Safeco to pay the sum of $15,000. From this adverse judgment, Safeco appeals. We vacate and remand.

## STANDARD OF REVIEW

■ We begin by noting that in an appeal from a motion for summary judgment, our standard of review is the same as the standard used by the trial court in passing upon a motion for summary judgment. *McDonald v. Paine*, 119 Idaho 725, 810 P.2d 259 (1991); *Meridian Bowling Lanes v. Meridian Athletic*, 105 Idaho 509, 670 P.2d 1294 (1983). All facts and inferences from the record will be viewed in favor of the nonmoving party to determine whether the motion should be granted. *Doe v. Durtschi*, 110 Idaho 466, 716 P.2d 1238 (1986); *Anderson v. Ethington*, 103 Idaho 658, 651 P.2d 923 (1982); *Farmers Ins. Co. of Idaho v. Brown*, 97 Idaho 380, 544 P.2d 1150 (1976).

The crux of the plaintiffs' argument is that they entered into an oral stipulation with Safeco, which Safeco breached, and that they are entitled to damages in the amount of $15,000. Defendant's argument is that the plaintiffs' claim is barred by the

statute of frauds, (codified at I.C. §§ 9–503 and 9–505(5)) as an easement is an interest in land, and since the stipulation is not in writing, it is unenforceable. Alternatively, Safeco argues that the doctrine of impossibility excuses their performance.

## IMPOSSIBILITY

The doctrine of impossibility operates to excuse performance when the bargained-for performance is no longer in existence or is no longer capable of being performed due to the unforeseen, supervening act of a third party. We have previously explained:

"[A] duty to perform the promise ... is discharged if the thing ... subsequently is not in existence in time for seasonable performance."

. . . .

A *sine qua non* for application of the doctrine is that the parties must have contracted, expressly or in necessary contemplation, with reference to continued existence of the specific thing as a condition essential to performance.

*Twin Harbors Lumber Co. v. Carrico,* 92 Idaho 343, 348–49, 442 P.2d 753, 758–59 (1968) (citations and footnotes omitted). We further explained this doctrine in *City of Boise v. Bench Sewer Dist.,* 116 Idaho 25, 773 P.2d 642 (1989), where we stated:

*Discharge by Supervening Impracticability.* Where, after a contract is made, a party's performance is made impracticable without his fault by the occurrence of an event the non-occurrence of which was a basic assumption on which the contract was made, his duty to render that performance is discharged, unless the language or circumstances indicate to the contrary.

*Id.,* 116 Idaho at 29, 773 P.2d at 646. Thus, to prove impossibility: (1) a contingency must occur; (2) performance must be impossible, not just more difficult or more expensive; and, (3) the nonoccurrence of the contingency must be a basic assumption of the agreement. *See also Olson v. Spitzer,* 257 N.W.2d 459 (S.D.1977).

Our review of the parties' stipulation indicates that Haessly agreed to sell Safeco an easement that would provide the Shankles access to Highway 95. At summary judgment, counsel for the appellant argued:

Now, the parties did, after two and a half days of trial, they did enter this oral stipulation attached to the affidavit that Mr. Haessly has filed with the Court on Summary Judgment.

But the underlying assumption upon which the whole stipulation is based is that there had to be access for Shankle. Whatever they worked out. This proposed Haessly easement had to give Shankle access to his property.

This statement is supported by the affidavits submitted by Safeco. In his affidavit, Peter B. Wilson, the attorney for Safeco in the *Shankle v. Safeco* matter, stated that it was necessary for the contemplated easement to "assure Shankle that some access to U.S. # 95 could and would be provided." In the affidavit of Dan Waggoner, the office manager of Safeco Title Insurance, Waggoner stated that the "stipulation was conditioned upon the proposed Haessly easement providing Shankle with access to Highway 95." These statements were uncontroverted by the plaintiff.

After Haessly agreed to sell the easement, Safeco then proceeded to attempt to obtain the necessary approval from the county and State for access to Highway 95. Again, counsel for the appellant argued that:

Safeco went back and attempted to get the Haessly easement approved by the State so they could get this approach to the highway.

And the State said, oh, no, we can't do that. And if you look at the new Dan Waggoner affidavit in response to Mr. Tom Cooke's affidavit, which says, in fact, that he did that. In July he [Mr. Waggoner] presented this Haessly proposed easement that had been discussed in the oral stipulation and the State refused to grant an approach on to the highway with that easement.

When the State refused access to Highway 95 from the proposed Haessly easement, Safeco asserted it was then forced to find an alternative access. Counsel for appellant explained:

So, with that problem, Safeco had to try and get some access for Shankle in order to meet their commitments. They went back to Burlington Northern and the county and the State Highway Department came into play and they were finally able on September 27, 1984, to get the county [and the State] to accept the Burlington Northern easement, which existed on the road [but was unrecorded]. And that was recorded ... and, thereby, Shankle finally got his easement.

■ Safeco has, through its pleadings, affidavits, and oral argument, raised the elements of its defense of impossibility. Safeco urges that, first, the State refused to grant access to Highway 95 from the Haessly property. Second, the Haesslys are unable to transfer an easement that would give access to Highway 95. And, third, access to Highway 95 was absolutely essential to the bargain; without access Safeco would not have contracted to purchase the easement. At the time of the stipulation, Safeco argues that the parties contemplated that the State Department of Transportation would grant the access to Highway 95. When the State Department of Transportation denied the access, an essential requirement of the easement did not come into existence. That failure to obtain approval of the State occurred with no fault on the part of Safeco, it asserts. Safeco has raised a genuine issue of material fact that must be resolved by the trial court.

Therefore, we hold that the district court erred in granting summary judgment in favor of the Haesslys without giving recognition to, and discussion of, the second of Safeco's two theories of defense, that of impossibility of performance. We vacate the grant of summary judgment in favor of the Haesslys and remand for further proceedings consistent with this opinion.

Costs to appellant.

BAKES, C.J., and BISTLINE, JOHNSON and BOYLE, JJ. concur.