867 P.2d 981

**John K. (Jake) GUBLER, a minor child, By and Through his parents and guardians, John GUBLER and Kellie Gubler, Plaintiffs–Appellants,**

v.

**William L. BRYDON, M.D.; Creighton A. Hardin, M.D., Defendants–Respondents,**

and

**Bannock Regional Medical Center; and Eastern Idaho Clinical Pathology Laboratory, Defendants.**

No. 19850.

Supreme Court of Idaho, Idaho Falls, Sept. 1993 Term.

Jan. 19, 1994.

Jenkins Law Office, Chartered, Idaho Falls, for appellants. Gordon W. Jenkins, argued.

Hall, Farley, Oberrecht & Blanton, Boise, for respondents. Raymond D. Powers, argued.

McDEVITT, Chief Justice.

## BACKGROUND AND PROCEDURE

On April 22, 1986, John and Kelly Gubler ("the Gublers") filed a lawsuit against Roger W. Boe, M.D., ("Dr. Boe") and the Pocatello Children and Adolescent Clinic, P.A., ("PCAC") for alleged medical malpractice in the treatment of their minor child John K. Gubler ("Gubler"). The district court dismissed the case on the third day of trial because the Gublers failed to make a *prima facie* case of liability. The Gublers appealed that decision to this Court, which affirmed the trial court's ruling. *Gubler v. Boe,* 120 Idaho 294, 815 P.2d 1034 (1991) (*Gubler I* ).

On June 3, 1991, Gubler filed a complaint by and through his parents against William L. Brydon, M.D., and Creighton A Hardin, M.D., ("Brydon and Hardin").[1] The complaint alleged Brydon and Hardin committed acts of medical malpractice during the same period addressed by the *Gubler I* complaint, and sought the same relief for Gubler. Gubler's parents sought additional relief for themselves in *Gubler I.* When Gubler filed the present action, however, the statute of limitations barred their claims. *See* I.C. § 5–219.

Brydon and Hardin filed a motion for summary judgment, arguing that the doctrine of *res judicata* (claim preclusion) bars this claim. Brydon and Hardin included affida-

vits in support of the motion testifying to the existence of a partnership (PCAC), which allegedly exposed them to potential liability in *Gubler I.* Based on these affidavits, the district court found that Brydon and Hardin were partners of Dr. Boe when the facts giving rise to both causes of action accrued. The district court further found that Brydon and Hardin's association with Boe and PCAC, the partnership, exposed them to potential liability in *Gubler I.* As a result, the district court held Brydon and Hardin were, as a matter of law, in privity with the defendants in *Gubler I.* Because the acts of alleged negligence stem from the same course of treatment as those alleged in *Gubler I,* the district court held that *res judicata* barred Gubler's claims against the doctors and dismissed them from the suit.

The district court also found that Gubler had no reasonable basis in law or fact for bringing the claim. The court ordered Gubler's attorneys to pay the fees and costs Brydon and Hardin incurred defending the suit. Two of Gubler's attorneys, Robert K. Beck and David D. Peck, individually and on behalf of their law firm, Beck & Peck, Chartered, ("Beck and Peck"), applied for a stay of execution on the judgments and filed notice of appearance as real parties in interest. On August 7, 1992, Beck and Peck withdrew as co-counsel, citing a potential conflict of interest with Gubler.

Gubler filed a notice of appeal on May 21, 1992. The due date for the appellant's brief was June 26, 1992. After this Court granted an extension for Beck and Peck to file a motion to augment the record, the due date for appellant's brief was August 21, 1992. When Gubler had not filed a brief by that time, Brydon and Hardin filed a motion to dismiss the appeal. This Court denied the motion, agreeing to take up the issue of sanctions for failure to timely file at oral argument. Gubler filed the appellant's brief on September 14, 1992.

---

1. The complaint also sought relief from Bannock Regional Medical Center (BRMC) and Eastern Idaho Clinical Pathology Laboratory (EICPL). BRMC and EICPL were granted a summary judgment on different grounds. Gubler and those defendants then settled without appeal. As a result, BRMC and EICPL are not parties to the present case.

## ISSUES ON APPEAL

I. Whether the district court erred by granting summary judgment based on res judicata.

II. Whether requiring plaintiff to prove the local standard of care in medical malpractice lawsuits violate the due process requirements of the Idaho and United States constitutions.

III. Whether appellant should be sanctioned for failing to file a timely appellate brief.

## ANALYSIS

### I. Summary judgment.

When faced with an appeal from a summary judgment, this Court employs the standard of review properly applied by the trial court when originally ruling on the motion. *Haessly v. Safeco Title Ins. Co.*, 121 Idaho 463, 464, 825 P.2d 1119, 1120 (1992); *Washington Fed. Sav. & Loan Ass'n v. Lash*, 121 Idaho 128, 130, 823 P.2d 162, 164 (1992). That standard requires that the trial court review the pleadings, depositions, affidavits, and admissions on file to decide whether to enter judgment as a matter of law. I.R.C.P. 56(c). *See also Tolmie Farms, Inc. v. J.R. Simplot Co.*, 124 Idaho 607, 609, 862 P.2d 299, 301 (1993). When reviewing a summary judgment, this Court liberally construes the record in the light most favorable to the party opposing the motion, drawing all reasonable inferences and conclusions in that party's favor. *Haessly*, 121 Idaho at 464, 825 P.2d at 1120; *Doe v. Durtschi*, 110 Idaho 466, 469, 716 P.2d 1238, 1241 (1986).

When construing the record in this manner, both the trial court initially ruling on the motion and this Court on review must look to the record as a whole, rather than referring to portions of the record in isolation. *Durtschi*, 110 Idaho at 469–70, 716 P.2d at 1241–42 (citing *Central Idaho Agency, Inc. v. Turner*, 92 Idaho 306, 310, 442 P.2d 442, 446 (1968)). If conflicting inferences can be drawn such that reasonable people could reach different conclusions from the evidence, the motion must be denied. *Durtschi*, 110 Idaho at 70, 716 P.2d at 1242.

Res judicata prevents the litigation of causes of action which were finally decided in a previous suit. In *Magic Valley Radiology P.A. v. Kolouch*, 123 Idaho 434, 849 P.2d 107 (1993), this Court traced the evolution of the doctrine of res judicata in this jurisdiction. As a general proposition, res judicata prevents litigants who were parties in a prior action and those in privity with them from bringing or having to defend a claim arising from the transaction or series of transactions giving rise to the first suit. *Id.* at 436–37, 849 P.2d at 109–10. Our disposition of the issues presented by this appeal limits the question before us to one of privity. Specifically, whether there is any evidence in the record from which a reasonable person could conclude that Brydon and Hardin were not in privity with the defendants in *Gubler I* for res judicata purposes.

We note at the outset that the issue of privity is a question of fact, which courts cannot usually resolve summarily. *Foster v. City of St. Anthony*, 122 Idaho 883, 889, 841 P.2d 413, 419 (1992) (citing *Collard v. Universal Automobile Ins. Co.*, 55 Idaho 560, 568–69, 45 P.2d 288, 291–92 (1935)). *Foster* dealt with a motion to dismiss under I.R.C.P. 12(b). Although the parties did not dispute any of the facts relating to privity, this Court held that the facts presented were not sufficient for us to conclude, as a matter of law, that the parties were in privity. 122 Idaho at 890, 841 P.2d at 420.

Neither of the defendants in *Gubler I* are parties in the present suit, nor were Brydon and Hardin parties in *Gubler I*. If Brydon and Hardin are to establish that res judicata should bar Gubler's potential claims against them, they must show that they were in privity with the previous defendants. To establish privity, Brydon and Hardin must show that they derived a direct interest in the outcome of the former litigation from the prior defendants. *See Weldon v. Bonner County Tax Coalition*, 124 Idaho 31, 35, 855 P.2d 868, 872 (1993) (citing *Foster v. City of St. Anthony*, 122 Idaho 883, 888, 841 P.2d 413, 419 (1992)). *See also, Kite v. Eckley*, 48 Idaho 454, 459, 282 P. 868, 869 (1929).

■ Brydon and Hardin assert that they had a relationship with Dr. Boe at the time the alleged malpractice took place that was sufficient to establish privity as a matter of law. In support of this contention, Brydon and Hardin each supplied the trial court with an affidavit stating that "[f]rom July 31, 1983, through February of 1984, I was a partner in the Pocatello Children and Adolescent Clinic, an Idaho Partnership." The trial court relied on the existence of this partnership, and the liability *Gubler I* exposed Brydon and Hardin to through it, as the basis for granting the summary judgment. In its memorandum decision and order, the trial court reasoned in part:

> The fact that res judicata applies to the Drs./partners is borne out by the fact that "the boundaries of preclusion among members of a partnership are shaped by the substantive law that controls the affairs of the partnership[.]"

> If judgment had been entered against PCAC and/or Dr. Boe then the assets of every partner would be subject to execution by the plaintiff.

The defendants in *Gubler I* were Dr. Boe and PCAC, P.A., a professional association. *See Gubler I*, 120 Idaho 294, 815 P.2d 1034 (1991). There is no testimony in the record regarding any relationship between PCAC, P.A., the professional association that was the defendant in *Gubler I*, and PCAC, the partnership referred to in Brydon's and Hardin's affidavits. Brydon and Hardin also refer to a relationship with PCAC, P.A., in each of their answers when raising *res judicata* as an affirmative defense. In that context, they claim that the relationship they had with Dr. Boe and the PCAC, P.A., an Idaho professional association, was sufficient to establish privity for purposes of *res judicata*.

The record is not clear regarding the significance of any relationship between Brydon and Hardin and PCAC, the partnership. The record does not disclose what relationship the partnership had to the parties in *Gubler I* or how such a relationship creates privity with them. If Brydon and Hardin are attempting to establish privity by showing their partnership with Dr. Boe, they failed to put on any proof that the Gublers sued Dr. Boe in his capacity as a partner or that Brydon and Hardin were exposed to any potential liability through their association with him.

We are unable to hold, construing all reasonable inferences in Gubler's favor, that reasonable minds could not differ on the nature and extent of the relationships that might create privity. Accordingly, the district court should have denied Brydon and Hardin's motion for summary judgment.

## II. Constitutionality of Idaho's Medical Malpractice Statute.

When an action is remanded for further proceedings, "the court shall pass upon and determine all questions of law involved in the case presented upon such appeal, and necessary to the final determination of the case." I.C. § 1–205. Because the constitutionality of I.C. § 6–1012, the standard of care requirement in Idaho's medical malpractice statute, is a question of law necessary to the final determination of this action, we must address this issue. *Messmer v. Ker*, 96 Idaho 75, 78, 524 P.2d 536, 539 (1974).

■ This Court has consistently upheld and applied I.C. § 6–1012. *See Leazer v. Kiefer*, 120 Idaho 902, 905 n. 1, 821 P.2d 957, 960 n. 1 (1991) (including *Gubler I* among cases applying I.C. § 6–1012 as the proper standard of care); *LePelley v. Grefenson*, 101 Idaho 422, 428, 614 P.2d 962, 968 (1980) (upholding constitutionality of I.C. § 6–1012). Requiring that medical malpractice plaintiffs establish a violation of the local standard of medical care as part of their prima facia case does not violate the due process requirements of either the Idaho or United States constitutions.

## III. Sanctions for failure to file a timely appellant's brief.

■ By filing the appellant's brief after the applicable deadline, Gubler directly violated an order of this Court. Absent a showing of good cause, such violation calls for the imposition of an appropriate sanction against Gubler, his attorney, or both.

 Gubler filed a notice of appeal on March 9, 1992. Beck and Peck filed a notice of appeal as real parties in interest on March 16, 1992. The due date for filing the appellant's briefs was initially set for June 26, 1992. This Court delayed the briefing due dates pending the resolution of several motions before the Court. Eventually, this Court issued an order requiring that the appellant's briefs be filed on or before August 21, 1992. When Gubler had not filed a brief by the August 21 deadline, Brydon and Hardin moved this Court to dismiss Gubler's appeal. Gubler submitted a brief on September 14, 1992. Gubler also filed an objection to the motion to dismiss, including supporting affidavits from both present and former counsel. The affidavits detailed confusion over which counsel represented the appellant at various times. One of the affidavits states that the attorneys had not determined who represented Gubler in the appeal until after the motion to dismiss was filed.

It is not in dispute that Gubler did not file the appellant's brief within the time set by this Court's order. It is less clear whether Gubler can show good cause. There was some confusion regarding who Gubler's counsel was after Beck and Peck appealed in their own right as real parties in interest. Although Beck and Peck filed the notice of appeal, they did not move to withdraw as Gubler's counsel until well after the initial deadline for filing. There was also testimony suggesting that Gordon W. Jenkins, Gubler's co-counsel at trial and counsel for this appeal, had reason to believe Gubler had fired him prior to the time the appellant's brief was due. Because of the uniquely confusing circumstances of this case, we refrain from imposing sanctions against Gubler or his counsel.

## CONCLUSION

For the reasons stated above, we vacate the district court's order granting summary judgment and remand the cause for further proceedings. Due to the circumstances presented by this case, no sanctions will be imposed for failure to timely file an appellate brief. Costs are awarded to appellant.

BISTLINE, JOHNSON, TROUT and SILAK, JJ. concur.