IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 39698

| | | |
|---|---|---|
| ISLAND WOODS HOMEOWNERS ASSOCIATION, INC., | ) ) | 2012 Unpublished Opinion No. 677 |
| | ) | Filed: October 16, 2012 |
| Plaintiff-Respondent, | ) ) | |
| | ) | Stephen W. Kenyon, Clerk |
| v. | ) | |
| | ) | THIS IS AN UNPUBLISHED |
| PHILIP P. MC GIMPSEY, | ) | OPINION AND SHALL NOT |
| | ) | BE CITED AS AUTHORITY |
| Defendant-Appellant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| JOLENE MC GIMPSEY, and STERLING | ) | |
| DEVELOPMENT AND MORTGAGE CO., | ) | |
| a Montana corporation, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Cheri C. Copsey, District Judge.

Judgment in favor of homeowners' association in judgment lien execution action, affirmed.

Philip P. McGimpsey, Eagle, pro se appellant.

Fredric V. Shoemaker of Greener, Burke & Shoemaker, P.A., Boise, for respondent.

_____

MELANSON, Judge

Philip P. McGimpsey appeals from the district court's judgment entered in favor of Island Woods Homeowners Association (IWHA) in an action to execute on real property. For the reasons set forth below, we affirm.

1

# I.

## FACTS AND PROCEDURE

In 2001, McGimpsey and his wife purchased an unimproved lot located in a subdivision in Idaho. The recorded Declaration of Covenants, Conditions, and Restrictions (CC&Rs) of the subdivision applied to all properties located within the subdivision. In 2006, the IWHA filed a complaint alleging that McGimpsey had breached the CC&Rs. McGimpsey denied any breach. The IWHA filed a motion for summary judgment, which the district court granted. The district court ordered McGimpsey to immediately comply with the CC&Rs. Subsequently, the district court heard oral argument on McGimpsey's motion to alter or amend, which the district court treated as a motion to reconsider, as well as the IWHA's request for costs and attorney fees. In February 2008, McGimpsey recorded a document entitled "Real Estate Mortgage," stating that a mortgage was created on the property effective February 28, 2008, between McGimpsey and Sterling Development and Mortgage Company.[1] In April 2008, the district court issued an order denying McGimpsey's motion to reconsider and granting costs and attorney fees to the IWHA. A judgment was entered in favor of the IWHA in May 2008 in the amount of $16,354.20, plus interest.

McGimpsey filed a second motion to alter or amend the judgment in the district court. In June 2008, McGimpsey filed a notice of appeal seeking review of the summary judgment decision, as well as the award of costs and attorney fees. Thereafter, the district court denied McGimpsey's second motion to alter or amend the judgment and entered an order awarding supplemental costs and attorney fees. McGimpsey filed an amended notice of appeal in September 2008, seeking relief from the district court's April 2008 order denying his motion for reconsideration and awarding costs and attorney fees, the judgment entered upon that order in May 2008, and the district court's award of supplemental costs and attorney fees. A second judgment was entered in favor of the IWHA in November 2008 in the amount of $9,062.60, plus interest.

McGimpsey continued to file various motions before the district court, all of which were denied. In September 2009, the district court again ordered the award of supplemental costs and attorney fees. A third judgment was entered in favor of the IWHA in October 2009 in the

---

[1]     Sterling Mortgage is a Montana Corporation incorporated by McGimpsey in 1994.

amount of $11,813.39. Thereafter, in an unpublished opinion, this Court affirmed the district court in all respects and concluded that McGimpsey's appeal was brought frivolously, unreasonably, and without foundation. *Island Woods Homeowners Ass'n v. McGimpsey*, Docket No. 35363 (Ct. App. Mar. 24, 2010). Thus, in June 2010, an order awarding costs and attorney fees on appeal in favor of the IWHA was entered in the amount of $18,240.

The IWHA made unsuccessful attempts to collect on the judgments awarding costs and attorney fees. Consequently, in April 2011, the IWHA filed a complaint against McGimpsey, McGimpsey's wife, and Sterling Mortgage. The complaint alleged that the conveyance of the real estate mortgage by McGimpsey to Sterling Mortgage was a fraudulent transfer. Thus, the IWHA sought an order that the conveyance of the real estate mortgage by McGimpsey to Sterling Mortgage was void and without effect or that it secured no money loaned to McGimpsey. In the complaint, the IWHA also listed the May 2008, November 2008, and October 2009 judgments owed to the IWHA and stated:

> IWHA is entitled to a declaratory judgment that each of the above listed judgments owed to IWHA is valid and Mr. McGimpsey's personal and real property, including his interest and the McGimpseys' community interest in the Property, is subject to execution for the payment of those judgments in full.

The IWHA also requested that a writ of execution issue for sale of the property to satisfy all judgments owed by McGimpsey.

Sterling Mortgage and McGimpsey's wife were served with the complaint, summons, and discovery requests, but neither responded. In June 2011, the district court entered default judgment against Sterling Mortgage and declared that the real estate mortgage was void and found to secure no money owed to Sterling Mortgage by McGimpsey. The district court also entered default judgment against McGimpsey's wife and ordered that she could not raise any legal or factual objection to the property being sold at a sheriff's sale in order to satisfy the IWHA's outstanding judgment liens on the property.

McGimpsey filed an answer, in which he asserted that the real estate mortgage was valid and also raised three counterclaims. The IWHA filed a motion for summary judgment, which the district court granted. In September 2011, the district court entered a final judgment in favor of the IWHA. In January 2012, the district court awarded the IWHA a supplemental judgment for costs and attorney fees in the amount of $21,306.40. McGimpsey filed motions to vacate or

amend the supplemental judgment, motions for stay of execution and sheriff's sale, and a motion to quash the amended writ of execution and levy. The district court denied all of these motions as frivolous. McGimpsey filed a notice of appeal in February 2012.

In March, the property was sold at a sheriff's sale. After applying the proceeds to satisify McGimpsey's homestead claim and the various judgments and costs associated with the sale and sheriff fees, the surplus funds were deposited with the district court. The IWHA filed a supplemental memorandum of costs and attorney fees and a motion requesting that the district court continue to hold sufficient surplus execution sale proceeds to pay any supplemental costs and attorney fees awarded and anticipated costs and attorney fees from the current appeal. In May, the district court entered a memorandum decision and order awarding the IWHA supplemental costs and attorney fees in the amount of $18,653.06. The district court further ordered that an additional $20,000 be withheld from the surplus funds currently being held by the district court for distribution for potential attorney fees awarded on appeal. McGimpsey appeals.

## II.

## ANALYSIS

### A.      Amendment to the Complaint

McGimpsey argues that the district court erred by allowing the IWHA to add a claim for the order awarding costs and attorney fees entered by this Court in June 2010 to the April 2011 complaint. As described above, in the complaint, the IWHA listed the May 2008, November 2008, and October 2009 judgments owed to the IWHA and stated:

> IWHA is entitled to a declaratory judgment that each of the above listed judgments owed to IWHA is valid and Mr. McGimpsey's personal and real property, including his interest and the McGimpseys' community interest in the Property, is subject to execution for the payment of those judgments in full.

In July 2011, the IWHA filed an amended memorandum in support of its motion for summary judgment asserting that the facts regarding the award of costs and attorney fees entered by this Court in the amount of $18,240 were inadvertently left out of the complaint and that it was entitled to execute on the property to satisfy all of its judgment liens. Thereafter, the district court entered an order granting the IWHA's motion for summary judgment and approving foreclosure on the property to allow the IWHA to recover on its May 2008, November 2008, October 2009, and June 2010 judgments against McGimpsey.

4

McGimpsey argues that, by allowing the IWHA to add a claim for the June 2010 judgment to the complaint without requiring that the IWHA first file an I.R.C.P. 15 motion to amend the complaint, I.R.C.P. 54(c) was violated and the defaulted defendants were deprived of notice and the opportunity to be heard. McGimpsey correctly asserts that I.R.C.P. 54(c) provides that a judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment. However, McGimpsey is not a defaulted defendant in this case and cannot raise any argument on behalf of such defendants on appeal. To the extent that McGimpsey asserts he was deprived of notice and the opportunity to be heard, such assertion is belied by the record. Specifically, as noted above, before the district court entered an order granting the IWHA's motion for summary judgment, the IWHA filed an amended memorandum in support of the motion asserting that the June 2010 judgment was inadvertently left out of the complaint and that it was entitled to execute on the property to satisfy all of its judgment liens. McGimpsey filed an opposition brief in which he raised the same arguments he now raises on appeal. Further, I.R.C.P. 54(c) provides that, except as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his or her pleadings. McGimpsey does not contest that the June 2010 judgment was a valid judgment that the IWHA was entitled to execute upon. Thus, the district court did not err by allowing the IWHA to add a claim for the June 2010 judgment to its request for relief without requiring that the IWHA first file an I.R.C.P. 15 motion to amend the complaint.

**B.  Counterclaims**

McGimpsey argues that the district court erred by granting summary judgment in favor of the IWHA on the counterclaims he raised in answer to the IWHA's April 2011 complaint. Specifically, McGimpsey asserts that, pursuant to I.A.R. 35(a)(6), because the IWHA failed to make any argument or cite any authority to support its claim that McGimpsey's counterclaims were barred by res judicata, the IWHA failed to prove such claim by a preponderance of the evidence and, therefore, the district court erred by summarily dismissing the counterclaims on that basis.

Idaho Appellate Rule 35(a)(6) is an *appellate* rule which requires that an appellant's brief contain a division entitled "Argument" which "shall contain the contentions of the appellant with respect to the issues presented on appeal, the reasons therefor, with citations to the authorities,

statutes and parts of the transcript and record relied upon." McGimpsey cites to no authority to support his contention that I.A.R. 35 applies to summary judgment proceedings such that the IWHA's alleged failure to provide argument or cited authority to support its position that McGimpsey's counterclaims were barred by res judicata precluded summary judgment on the counterclaims. Also, the rule governing summary judgment motions in trial courts, I.R.C.P. 56, contains no similar requirement of citation to authorities.

Res judicata prevents the litigation of causes of action which were finally decided in a previous suit. *Grubler by and Through Grubler v. Brydon*, 125 Idaho 107, 110, 867 P.2d 981, 984 (1994). *See also Magic Valley Radiology P.A. v. Kolouch*, 123 Idaho 434, 436, 849 P.2d 107, 109 (1993); *Diamond v. Farmers Group, Inc.*, 119 Idaho 146, 150, 804 P.2d 319, 323 (1990). As a general proposition, res judicata prevents litigants who were parties in a prior action and those in privity with them from bringing or having to defend a claim arising from the transaction or series of transactions giving rise to the first suit. *Grubler*, 125 Idaho at 110, 867 P.2d at 984. The review of a trial court's ruling on whether an action is barred by res judicata is a question of law over which this Court has de novo review. *Wolfe v. Farm Bureau Ins. Co.*, 128 Idaho 398, 403, 913 P.2d 1168, 1173 (1996).

The record shows that the counterclaims McGimpsey raised in his answer to the IWHA's April 2011 complaint were based on the IWHA's alleged violations of the CC&Rs and specifically arose out of the claims addressed in the 2006 litigation. McGimpsey's counterclaims either were directly addressed in the 2006 litigation and appeal or could have been addressed. In other words, they are barred by res judicata. Thus, McGimpsey has not shown that the district court erred by determining that McGimpsey's counterclaims were barred by res judicata and, therefore, summarily dismissing the counterclaims on that basis.

**C.     Summary Judgment**

McGimpsey argues that the district court erred by granting the IWHA's motion for summary judgment with respect to the claim that the conveyance of the real estate mortgage by McGimpsey to Sterling Mortgage was void. Specifically, McGimpsey asserts that the district court erred by not providing him a trial on the claim and, instead, basing its decision for summary judgment with respect to the claim upon default by the purported mortgagee, Sterling Mortgage.

We first note that summary judgment under I.R.C.P. 56(c) is proper only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. On appeal, we exercise free review in determining whether a genuine issue of material fact exists and whether the moving party is entitled to judgment as a matter of law. *Edwards v. Conchemco, Inc.*, 111 Idaho 851, 852, 727 P.2d 1279, 1280 (Ct. App. 1986). When assessing a motion for summary judgment, all controverted facts are to be liberally construed in favor of the nonmoving party. Furthermore, the trial court must draw all reasonable inferences in favor of the party resisting the motion. *G & M Farms v. Funk Irrigation Co.*, 119 Idaho 514, 517, 808 P.2d 851, 854 (1991); *Sanders v. Kuna Joint Sch. Dist.*, 125 Idaho 872, 874, 876 P.2d 154, 156 (Ct. App. 1994).

The party moving for summary judgment initially carries the burden to establish that there is no genuine issue of material fact and that he or she is entitled to judgment as a matter of law. *Eliopulos v. Knox*, 123 Idaho 400, 404, 848 P.2d 984, 988 (Ct. App. 1992). The burden may be met by establishing the absence of evidence on an element that the nonmoving party will be required to prove at trial. *Dunnick v. Elder*, 126 Idaho 308, 311, 882 P.2d 475, 478 (Ct. App. 1994). Such an absence of evidence may be established either by an affirmative showing with the moving party's own evidence or by a review of all the nonmoving party's evidence and the contention that such proof of an element is lacking. *Heath v. Honker's Mini-Mart, Inc.*, 134 Idaho 711, 712, 8 P.3d 1254, 1255 (Ct. App. 2000). Once such an absence of evidence has been established, the burden then shifts to the party opposing the motion to show, via further depositions, discovery responses or affidavits, that there is indeed a genuine issue for trial or to offer a valid justification for the failure to do so under I.R.C.P. 56(f). *Sanders*, 125 Idaho at 874, 876 P.2d at 156.

The United States Supreme Court, in interpreting Federal Rule of Civil Procedure 56(c), which is identical in all relevant aspects to I.R.C.P. 56(c), stated:

> In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to judgment as a matter of law" because the nonmoving

party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986) (citations omitted). The language and reasoning of *Celotex* has been adopted in Idaho. *Dunnick*, 126 Idaho at 312, 882 P.2d at 479.

Here, the real estate mortgage purportedly granted a lien to Sterling Mortgage. Sterling Mortgage was properly served with the April 2011 complaint and put on notice that the validity of the real estate mortgage was being challenged and that the IWHA was seeking an order declaring the conveyance of such mortgage to be void and without effect or to secure no money loaned to McGimpsey. When Sterling Mortgage failed to respond to the complaint, no other party remained with standing to defend the lien. Thus, the district court properly entered default judgment against Sterling Mortgage and declared that the real estate mortgage was void. Once default judgment was entered against Sterling Mortgage, the real estate mortgage was invalidated. Sterling Mortgage received a copy of the default judgment and the record does not disclose that Sterling Mortgage raised any challenge to that judgment. Therefore, there was no genuine issue of material fact regarding whether the real estate mortgage was void. Thus, the IWHA was entitled to judgment as a matter of law and the district court did not err by granting the IWHA's motion for summary judgment with respect to the claim that the conveyance of the real estate mortgage by McGimpsey to Sterling Mortgage was void.

**D.      Attorney Fees**

McGimpsey argues that the district court erred by awarding the IWHA's counsel unpaid attorney fees. McGimpsey relies on the language of I.R.C.P. 54 to support this argument. Specifically, McGimpsey claims that, because I.R.C.P. 54(e)(5) indicates that attorney fees shall be deemed as "costs" and I.R.C.P. 54(d)(1)(C) states that, when "costs" are awarded to a party, such party shall be entitled to costs "actually paid," the district court could not award the IWHA's counsel any attorney fees because counsel admitted in a December 2011 reply in support of the IWHA's memorandum of costs and attorney fees that counsel had yet to be paid.

McGimpsey's reliance upon the language of I.R.C.P. 54 is misplaced. Idaho Rule of Civil Procedure 54(e)(5) provides:

> Attorney fees, when allowable by statute or contract, shall be deemed as costs in an action and processed in the same manner as costs and included in the memorandum of costs; provided, however, the claim for attorney fees as costs

8

shall be supported by an affidavit of the attorney stating the basis and method of computation of the attorney fees claimed.

Idaho Civil Rule of Procedure 54(d)(1)(C), on the other hand, lists ten specific costs--not including attorney fees--that, when a party is awarded such costs that have been actually paid, such party is entitled to those costs *as a matter of right*. An award of attorney fees is discretionary. Specifically, attorney fees may be granted under I.C. § 12-121 and I.A.R. 41 to the prevailing party and such an award is appropriate when the court is left with the abiding belief that the appeal has been brought or defended frivolously, unreasonably, or without foundation. *Rendon v. Paskett*, 126 Idaho 944, 945, 894 P.2d 775, 776 (Ct. App. 1995). Thus, attorney fees are not costs that a party is entitled to as a matter of right and are not subject to the "actually paid" requirement of I.R.C.P. 54(d)(1)(C). McGimpsey has not shown that the district court erred by awarding the IWHA's counsel unpaid attorney fees.

McGimpsey also argues that the district court erred by ordering in May 2012 that $20,000 be withheld from the surplus sale proceeds for potential attorney fees on appeal. McGimpsey does not cite to any argument or authority to support this argument. Indeed, McGimpsey asserts that he is "unaware of any rule of jurisprudence or case law that stands for the proposition that 'unearned' fees can be legally, or for that matter ethically, paid." A party waives an issue on appeal if either argument or authority is lacking. *Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct. App. 1997). Therefore, we need not consider McGimpsey's claim.

We also note that, pursuant to I.A.R. 13(b)(12), in civil actions, unless prohibited by order of the Idaho Supreme Court, the district court shall have the power and authority to take the following action during the pendency of an appeal:

> Make any order which the district court deems appropriate in its discretion for the payment or advancement of attorneys fees and/or anticipated costs on appeal by one party to the other, subject to the order of the Supreme Court determining the right to, and amount of, attorneys fees on appeal.

As the district court noted in its May 2012 order, this provision was addressed by the Idaho Supreme Court in *Peasley Transfer & Storage Co. v. Smith*, 132 Idaho 732, 745, 979 P.2d 605, 618 (1999). In that case, the Court upheld a decision based on I.A.R. 13(b)(12) to require an appellant to advance attorney fees to an appellee when the trial court had determined that the

appellant had brought a cross-claim that was frivolous and without foundation, the appellee was indigent and unable to pay costs and attorney fees to defend the appeal, and the appellant was not incurring attorney fees because she was being represented by her son. *Peasley*, 132 Idaho at 745, 979 P.2d at 618. Finding no reason to question the discretionary judgment of the trial court in ordering the advancement, the Court affirmed the trial court's order advancing fees to the appellee for appeal provided that the appellee's attorney file with the Court within twenty-one days from the date of the opinion a satisfactory showing that the advanced funds were appropriately applied toward defending the appeal of the trial court's decision. *Id.* at 745-46, 979 P.2d at 618-19.

The district court in this case stated:

> Analogous to the indigent appellee in *Peasley*, Island Woods, as a non-profit organization, represents its homeowners and relies on those homeowners to contribute through dues. It is not a money making organization. Those fees and costs have now reached over $100,000 where all it was trying to do was enforce its CC&Rs.
>
> This Court determined that based on the facts of the previous litigation, the subsequent appeal and the current litigation that attorney fees and costs should be awarded to Island Woods under I.C. § 12-121. The current appeal is not unlike the prior one. Mr. McGimpsey has been and is continuously told his actions are frivolous. The Court of Appeals found that Mr. McGimpsey's arguments were frivolous and awarded Island Woods $18,240.00 in fees and costs. The issues in the present action alone are extremely similar to those found in the previous litigation and appeal. Island Woods represented to the Court that in responding to Mr. McGimpsey's various arguments on appeal, it expects to incur another $20,000 in attorney fees and costs.
>
> If McGimpsey is successful or the appellate court rules attorney fees should not be awarded to Island Woods, the funds obviously will be released to McGimpsey and his wife.
>
> However, based on its concerns that should Island Woods be successful and awarded attorney fees on appeal, McGimpsey would continue this frivolous litigation by claiming he did not have any assets and once again Island Woods would have to pursue him. Therefore, in an exercise of discretion, the Court orders that an additional $20,000 be withheld from the surplus funds currently being held by the court for distribution for a potential attorney fees award on appeal.

As in *Peasley*, there is no reason to question the discretionary judgment of the district court in ordering the advancement. Thus, McGimpsey has not shown that the district court erred by

ordering that $20,000 be withheld from the surplus sale proceeds for potential attorney fees on appeal.[2]

**E.      Sale of the Property**

McGimpsey argues that the district court erred by allowing the sheriff's sale of the property to go forward based upon a defective writ of execution. In February 2012, McGimpsey filed a motion asking the district court to quash the amended writ of execution against the property based upon demonstrated mathematical and financial defects. McGimpsey filed a brief in support of the motion and attached a spreadsheet. In March, the district court entered an order denying McGimpsey's motion. McGimpsey asserts that, because the spreadsheet demonstrated to the district court the mathematical and financial errors in the amended writ, the district court erred by allowing the sheriff's sale to proceed.

It is the responsibility of the appellant to provide a sufficient record to substantiate his or her claims on appeal. *Powell*, 130 Idaho at 127, 937 P.2d at 439. In the absence of an adequate record on appeal to support the appellant's claims, we will not presume error. *Id*. The record on appeal does not contain the amended writ of execution. Thus, it is impossible for this Court to determine whether the spreadsheet attached to McGimpsey's brief filed in support of his motion to quash the amended writ actually demonstrated to the district court mathematical and financial errors. Accordingly, we will not presume that the district court erred by allowing the sheriff's sale of the property to go forward as McGimpsey asserts.

McGimpsey also argues that the district court erred by concluding that the entire property could be sold. Specifically, McGimpsey asserts that the entire property could not be sold because he and his wife owned separate interests in the property as tenants-in-common. However, as described above, after McGimpsey's wife was served with the April 2011 complaint, she did not respond. Thus, in June 2011, the district court entered default judgment against McGimpsey's wife and ordered that she could not raise any legal or factual objection to the property being sold at a sheriff's sale in order to satisfy the IWHA's outstanding judgment liens on the property. Once default judgment was entered, McGimpsey's wife was the only one who could challenge the judgment. Having failed to do so, the issue was fully and finally decided pursuant to the default judgment entered against McGimpsey's wife. Thus, McGimpsey

---

[2]      Since we do award costs and attorney fees in this case, the IWHA will be required to comply with the provisions of I.A.R. 40.

11

has failed to show that the district court erred by concluding that the entire property could be sold in order to satisfy the IWHA's judgments against McGimpsey.

McGimpsey further argues, generally, that the district court erred by allowing the sheriff's sale of the property to go forward without requiring the IWHA to comply with the execution process set forth in I.C. § 55-1101 to I.C. § 55-1115, which deals with execution upon property subject to a claim of homestead. However, McGimpsey did not raise this argument before the district court, with the exception of his claim that the IHWA did not request an appraisal pursuant to I.C. § 55-1101. McGimpsey argues that the execution sale was not valid because it was done without a pre-sale appraisal under I.C. § 55-1101. While I.C. § 55-1101 provides that "the judgment creditor may apply to the district court of the county in which the homestead is situated for the appointment of persons to appraise the value thereof," use of the word "may" indicates that such application is not mandatory. Here, the IWHA chose not to use the appraisal procedures. Therefore, McGimpsey has not shown that the district court erred by refusing to require a pre-sale appraisal. We do not consider the remaining claims raised by McGimpsey under these statutes because, generally, issues not raised below may not be considered for the first time on appeal. *Sanchez v. Arave*, 120 Idaho 321, 322, 815 P.2d 1061, 1062 (1991).

**F.     Attorney Fees on Appeal**

The IWHA argues that it is entitled to attorney fees on appeal pursuant to I.C. § 12-121 and I.A.R. 41(a) because all of McGimpsey's arguments on appeal are frivolous. An award of attorney fees may be granted under I.C. § 12-121 and I.A.R. 41 to the prevailing party and such an award is appropriate when the court is left with the abiding belief that the appeal has been brought or defended frivolously, unreasonably, or without foundation. *Rendon*, 126 Idaho at 945, 894 P.2d at 776. The IWHA is the prevailing party on appeal, and we conclude that McGimpsey's appeal has been brought frivolously, unreasonably, and without foundation.

**III.**

**CONCLUSION**

The district court did not err by allowing the IWHA to add a claim for the June 2010 judgment to its request for relief in the present action without requiring that the IWHA first file an I.R.C.P. 15 motion. McGimpsey has not shown that the district court erred by determining that McGimpsey's counterclaims were barred by res judicata and, therefore, summarily

12

dismissing the counterclaims on that basis. The district court did not err by granting the IWHA's motion for summary judgment with respect to the claim that the conveyance of the real estate mortgage by McGimpsey to Sterling Mortgage was void. McGimpsey has not shown that the district court erred by awarding the IWHA's counsel unpaid attorney fees or by ordering that $20,000 be withheld from the surplus sale proceeds for potential attorney fees on appeal. McGimpsey has not shown that the district court erred by allowing sale of the property to satisfy the IWHA's judgments against McGimpsey. Thus, the district court's judgment entered in favor of the IWHA is affirmed. Costs and attorney fees are awarded to the IWHA on appeal.

Chief Judge GRATTON and Judge LANSING, **CONCUR.**