**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 41670**

| | | |
|---|---|---|
| **TERRY LEE KERR,** | ) | 2014 Unpublished Opinion No. 829 |
| | ) | |
| Plaintiff-Appellant, | ) | Filed: November 25, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| **RECONTRUST COMPANY N.A. and** | ) | THIS IS AN UNPUBLISHED |
| **BANK OF AMERICA, N.A.,** | ) | OPINION AND SHALL NOT |
| | ) | BE CITED AS AUTHORITY |
| Defendants-Respondents. | ) | |
| | ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Stephen S. Dunn, District Judge.

Order granting motion to dismiss, <u>affirmed</u>.

Terry Lee Kerr, Idaho Falls, pro se appellant.

Givens Pursley LLP; Kelly Greene McConnell and Amber N. Dina, Boise, for respondents.

---

GRATTON, Judge

Terry Lee Kerr appeals from the district court's order dismissing several statutory and common law claims he had made regarding the foreclosure and trustee's sale of a property located in Ammon, Idaho.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Jerry Jones obtained a loan secured by a deed of trust on property in Ammon, Idaho, which is the focus of this litigation. Subsequently, Jones executed a quitclaim deed naming Kerr and Kerr's son as recipients of one-half interest in the property. He also executed a power of attorney granting Kerr the authority to discuss loans with mortgage companies. The quitclaim deed was recorded several years later, following foreclosure proceedings that were initiated by defendants, Bank of America and ReconTrust. Defendant ReconTrust, the successor trustee,

1

executed a notice of default on the loan secured by the Ammon property, and a notice of the trustee's sale was published and also mailed to Jones.

Kerr filed a complaint challenging the sale of the Ammon property on a number of grounds, including: (1) a claim for violation of the Fair Debt Collection Practices Act, the Deceptive Trade Practice Act, and the Privacy Act; (2) violation of the Idaho Consumer Protection Act; (3) intentional interference with a prospective economic advantage; (4) bad faith resulting in the infliction of emotional and financial distress; (5) civil conspiracy; (6) a repeat of the second claim under the Idaho Consumer Protection Act; and (7) defamation.[1] Kerr alleged that defendants and their attorneys engaged in a conspiracy to retaliate against him for having filed a prior lawsuit against Bank of America,[2] which was also appealed to this Court several years ago. In addition, Kerr is currently involved in another litigation relating to the trustee's sale of property owned by his son in Nevada.

Defendants subsequently moved to dismiss all claims on various grounds. At Kerr's request, the presiding district judge disqualified himself as did the second district judge. Kerr was then granted a change of venue and the third district judge assigned to this case granted defendants' motion to dismiss. Kerr filed a motion to reconsider, which was denied. He timely appeals.

## II.

## ANALYSIS

As an appellate court, we will affirm a trial court's grant of an Idaho Rule of Civil Procedure 12(b)(6) motion where the record demonstrates that there are no genuine issues of material fact and the case can be decided as a matter of law. *Coghlan v. Beta Theta Pi Fraternity*, 133 Idaho 388, 398, 987 P.2d 300, 310 (1999). When reviewing an order of the district court dismissing a case pursuant to I.R.C.P. 12(b)(6), the nonmoving party is entitled to have all inferences from the record and pleadings viewed in its favor, and only then may the

---

[1] The district court went to great lengths to decipher what claims were actually being made. Kerr does not allege that the district court's characterization of these claims was erroneous.

[2] *Terry Lee Kerr v. Bank of America, Idaho, N.A.*, Docket No. 37754 (Ct. App. November 22, 2011) (unpublished).

question be asked whether a claim for relief has been stated.  *Coghlan*, 133 Idaho at 398, 987 P.2d at 310.  The issue is not whether the plaintiff will ultimately prevail, but whether the party is entitled to offer evidence to support the claims.  *Orthman v. Idaho Power Co.*, 126 Idaho 960, 962, 895 P.2d 561, 563 (1995).

**A.      Fair Debt Collection Practices Act, Deceptive Trade Practice Act, and Privacy Act**

Kerr alleges the district court erred when it dismissed his claims that the defendants violated the Fair Debt Collection Practices Act, Deceptive Trade Practice Act, and the Privacy Act on the basis that the claim failed to put the defendants on notice as to what claim was being brought, and on the alternative basis that the claim was barred by res judicata.  On appeal, Kerr does not specify how the district court erred in this regard other than stating that there were violations of the Acts.

First, we agree with the district court that Kerr has failed to meet the notice requirements as to these claims.  No citation is made to any of the alleged statutes.  It is true that our pleading standards only require a plaintiff to make a short, plain statement that sufficiently puts the adverse party on notice of the claims brought against it.  I.R.C.P. 8(a)(1); *Brown v. City of Pocatello*, 148 Idaho 802, 807, 229 P.3d 1164, 1169 (2010).  However, even under this liberal standard, simply stating that the defendants violated these acts, without more, does not narrow the possibility of a violation to any one or even a few of several potentially applicable statutes.  It provides no notice of the claims under Idaho law that defendants would be subject to or the defenses available.  It is not possible to determine what facts would be sufficient to sustain a claim under the alleged statutes.

Second, res judicata prevents the litigation of causes of action which were finally decided in a previous suit.  *Grubler by and Through Grubler v. Brydon*, 125 Idaho 107, 110, 867 P.2d 981, 984 (1994).  *See also Magic Valley Radiology P.A. v. Kolouch*, 123 Idaho 434, 436, 849 P.2d 107, 109 (1993); *Diamond v. Farmers Group, Inc.*, 119 Idaho 146, 150, 804 P.2d 319, 323 (1990).  As a general proposition, res judicata prevents litigants who were parties in a prior action and those in privity with them from bringing or having to defend a claim arising from the transaction or series of transactions giving rise to the first suit.  *Grubler*, 125 Idaho at 110, 867 P.2d at 984.  The review of a trial court's ruling on whether an action is barred by res judicata is a question of law over which this Court has de novo review.  *Wolfe v. Farm Bureau Ins. Co.*, 128 Idaho 398, 403, 913 P.2d 1168, 1173 (1996).

Res judicata is an affirmative defense that requires the court to look beyond the pleadings. For this reason, the district court treated the defense as a motion for summary judgment. We first note that summary judgment under I.R.C.P. 56(c) is proper only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. On appeal, we exercise free review in determining whether a genuine issue of material fact exists and whether the moving party is entitled to judgment as a matter of law. *Edwards v. Conchemco, Inc.*, 111 Idaho 851, 852, 727 P.2d 1279, 1280 (Ct. App. 1986). When assessing a motion for summary judgment, all controverted facts are to be liberally construed in favor of the nonmoving party. Furthermore, the trial court must draw all reasonable inferences in favor of the party resisting the motion. *G & M Farms v. Funk Irrigation Co.*, 119 Idaho 514, 517, 808 P.2d 851, 854 (1991); *Sanders v. Kuna Joint School Dist.*, 125 Idaho 872, 874, 876 P.2d 154, 156 (Ct. App. 1994).

For claim preclusion to bar a subsequent action there are three requirements: (1) same parties; (2) same claim; and (3) final judgment. *Ticor Title Co. v. Stanion*, 144 Idaho 119, 124, 157 P.3d 613, 618 (2007). As the district court found, Kerr is asserting a nearly identical claim as brought in the first litigation and addressed by this Court. Moreover, Kerr has not claimed in this appeal that the district court was wrong in determining that the claims were substantially the same. Although ReconTrust was not named as a defendant in the prior litigation, it is a successor trustee and can raise defenses asserted in the prior case. There was a final judgment on these issues. The elements of res judicata have been met and Kerr is prohibited from re-litigating the issue in the instant case.

## B.    Idaho Consumer Protection Act

Kerr asserts the defendants violated the Idaho Consumer Protection Act by failing to implement a loan modification. In order to have standing under the Idaho Consumer Protection Act (ICPA), I.C. §§ 48-601 through 48-619, the aggrieved party must have been in a contractual relationship with the party alleged to have acted unfairly or deceptively. *Taylor v. McNichols*, 149 Idaho 826, 846, 243 P.3d 642, 662 (2010). "[A] claim under the ICPA must be based upon a contract." *Haskin v. Glass*, 102 Idaho 785, 788, 640 P.2d 1186, 1189 (Ct. App. 1982). Kerr does not allege that he entered into a contractual relationship with defendants. Rather, he asserts the power of attorney he was granted from Jones gives him standing; however, the agreement he references is a limited power of attorney which allows him only to talk to mortgage companies

4

having to do with the home and does not grant him the power to assert a contractual relationship on behalf of Jones. Therefore, the district court correctly dismissed claims two and six on this basis.

**C.     Intentional Interference with a Prospective Economic Advantage**

Kerr alleged Bank of America intentionally interfered with a prospective economic advantage; however, his argument appears to be related to his son's property in Nevada. The district court correctly limited the scope of this litigation to the Ammon property, due to its lack of jurisdiction over the Nevada claims and because Kerr is already involved in parallel litigation in Nevada relating to the property. To establish a claim for intentional interference with a prospective economic advantage, the plaintiff must show: (1) the existence of a valid economic expectancy; (2) knowledge of the expectancy on the part of the interferer; (3) intentional interference inducing termination of the expectancy; (4) the interference was wrongful by some measure beyond the fact of the interference itself; and (5) resulting damage to the plaintiff whose expectancy has been disrupted. *Wesco Autobody Supply, Inc. v. Ernest*, 149 Idaho 881, 893, 243 P.3d 1069, 1081 (2010). Kerr does not allege he had any economic expectancy regarding the Ammon property, nor does he allege that the defendants had any knowledge of an alleged expectancy. This is supported by the fact that he failed to record the quitclaim deed from Jones providing Kerr and Kerr's son one-half interest in the property until after foreclosure proceedings had commenced. Further, there is no evidence that the defendants' actions in enforcing the mortgage agreement were wrongful. For these reasons, the district court did not err when dismissing Kerr's claim for intentional interference with a prospective economic advantage regarding the Ammon property.

**D.     Bad Faith Resulting in the Infliction of Emotional and Financial Distress**

Kerr alleged bad faith resulting in the infliction of emotional and financial distress. Claims of bad faith can be brought under contract law and also under tort law in insurance cases. *White v. Unigard Mut. Ins. Co.*, 112 Idaho 94, 97, 730 P.2d 1014, 1017 (1986). Clearly a claim brought under contract law would require a contractual relationship between the parties. Because Kerr does not have a contractual relationship with defendant as previously discussed and the defendants are not insurance companies, the district court correctly dismissed the fourth claim as far as it is derivative of a bad faith claim.

While it is not entirely clear, if he alternatively is making a claim for intentional infliction of emotional distress that is not derived from a bad faith claim, he must prove the following elements: (1) that the defendant acted intentionally or recklessly; (2) that the defendant's conduct was extreme and outrageous; (3) that there was a causal connection between the defendant's conduct and the plaintiff's emotional distress; and (4) that the plaintiff's emotional distress was severe. *Alderson v. Bonner*, 142 Idaho 733, 739, 132 P.3d 1261, 1267 (Ct. App. 2006). In this case, Kerr does not allege that Jones was current on his loan to Bank of America or that Bank of America's conduct was reckless, extreme, or outrageous in commencing foreclosure proceedings based on its rights under the mortgage contract. Kerr does make several conclusory allegations regarding wrongdoing, such as political corruption and violence against his family, but he alleges no facts indicating that the defendants committed any of this alleged wrongdoing. For these reasons, the district court correctly dismissed this claim.

E.      **Civil Conspiracy**

Kerr asserts the defendants have engaged in a civil conspiracy against him. "A civil conspiracy that gives rise to legal remedies exists only if there is an agreement between two or more to accomplish an unlawful objective or to accomplish a lawful objective in an unlawful manner." *Wesco*, 149 Idaho at 898, 243 P.3d at 1086 (quoting *McPheters v. Maile*, 138 Idaho 391, 395, 64 P.3d 317, 321 (2003)). "The essence of a cause of action for civil conspiracy is the civil wrong committed as the objective of the conspiracy, not the conspiracy itself." *Id.* Further, there must be specific evidence of a plan or agreement to demonstrate the existence of the conspiracy at the time the allegedly unlawful objective was accomplished. *Id.* at 898-99, 243 P.3d at 1086-87. Kerr asserts he has documented the conspiracy with specificity; however, a review of the record does not provide specific evidence of a plan or what civil wrong was committed. To the extent he argues that the defendants failed to implement a loan modification properly, this argument fails since, as noted above, Kerr does not have a contractual relationship with the defendants and the limited power of attorney he was granted does not give him the authority to bring these arguments on behalf of Jones.

F.      **Defamation**

Kerr argues Bank of America defamed him by initiating a wrongful trustee's sale of the Ammon property and by wrongly claiming he owned the property in Nevada. For the reasons previously stated, this Court agrees with the district court's ruling that this case is limited to the

6

claims relating to the Ammon property. In a defamation action, a plaintiff must prove that: (1) the defendant communicated information concerning the plaintiff to others; (2) the information was defamatory; and (3) the plaintiff was damaged because of the communication. *Clark v. The Spokesman-Review*, 144 Idaho 427, 430, 163 P.3d 216, 219 (2007). Kerr's argument appears to be based on the publication of the notice of trustee's sale of the Ammon property. A trustee's sale was initiated; therefore, the statement was not false or defamatory. Furthermore, the foreclosure proceedings were against Jones; thus, the pursuit of the foreclosure would have not damaged Kerr since any interest he had in the property was not of record until after the foreclosure proceedings began. Kerr fails to allege the elements of defamation and for this reason the district court correctly dismissed his claims for defamation.

### E.     Motion for Sanctions

Kerr asserts a variety of wrongdoing within the litigation, including wrongdoing on the part of Bank of America's attorneys. He alleges that the district court abused its discretion by not acting upon motions for sanctions. However, Kerr did not include the motions in the appellate record and, moreover, provided no specific reference to the record or argument and citation to authority in his opening brief in support of the claim. We, thus, affirm the district court as to any claim of abuse of discretion regarding motions for sanctions. *See* I.A.R. 35(a)(6); *Bach v. Bagley*, 148 Idaho 784, 790, 229 P.3d 1146, 1152 (2010); *Jorgensen v. Coppedge*, 145 Idaho 524, 528, 181 P.3d 450, 454 (2008).

## III.

## CONCLUSION

This Court finds the district court did not err by dismissing the claims made by Kerr and therefore, the judgment of the district court is affirmed.

Chief Judge GUTIERREZ and Judge LANSING **CONCUR.**

7