## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

### Docket No. 44645

| | | |
|---|---|---|
| DAVID DOUGLAS and TERRY KERR, | ) | 2017 Unpublished Opinion No. 616 |
| | ) | |
| Plaintiffs-Appellants, | ) | Filed: October 6, 2017 |
| | ) | |
| v. | ) | Karel A. Lehrman, Clerk |
| | ) | |
| ZIONS BANK, N.A.; NATIONSTAR | ) | THIS IS AN UNPUBLISHED |
| MORTGAGE LLC; and PRINCE AND | ) | OPINION AND SHALL NOT |
| YEATES, P.C., | ) | BE CITED AS AUTHORITY |
| | ) | |
| Defendants-Respondents. | ) | |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County. Hon. Joel E. Tingey, District Judge.

Orders of the district court granting summary judgment in favor of Nationstar Mortgage LLC and Zions Bank, N.A. and granting motion to dismiss in favor of Prince and Yeates, P.C., <u>affirmed</u>.

David Douglas, Sparks, Nevada, pro se appellant.

Terry Kerr, Sparks, Nevada, pro se appellant.

Ray Quinney & Nebeker P.C.; Michael D. Mayfield, Salt Lake City, Utah, for respondent Zions Bank, N.A.

Akerman LLP; Robert H. Scott, Salt Lake City, Utah for respondent Nationstar Mortgage LLC.

Prince Yeates & Geldzahler; G. Troy Parkinson, Salt Lake City, Utah, for respondent Prince and Yeates, P.C.

---

GRATTON, Chief Judge

David Douglas and Terry Kerr appeal from the district court's orders granting summary judgment in favor of Nationstar Mortgage LLC and Zions Bank, N.A. and granting Prince and Yeates, P.C.'s motion to dismiss. We affirm.

1

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

Douglas and Kerr jointly owned two homes. Douglas initially purchased both homes and later sold a one-half interest in both homes to Kerr. To purchase one of the homes, Douglas obtained financing from Zions Bank, N.A. (Zions Bank) through a promissory note secured by a deed of trust. Nationstar Mortgage LLC (Nationstar) serviced the loan. Eventually, Douglas and Kerr were required to pay force-placed lender insurance, which significantly increased their monthly loan payments. Douglas and Kerr stopped making the required monthly payments on the home. Ultimately, Nationstar foreclosed on the property.

In 2015 Douglas filed a pro se complaint against Zions Bank and Nationstar in federal district court. The complaint alleged the following eight causes of action: (1) breach of contract, (2) breach of the implied covenant of good faith and fair dealing, (3) unjust enrichment, (4) breach of fiduciary duty, (5) tortious interference with a mortgage contract, (6) violations of the Truth in Lending Act, (7) violations of the Bank Holding Company Act, and (8) violations of the Racketeer Influenced and Corrupt Organizations Act. The federal court dismissed the three federal claims in Douglas's complaint with prejudice and dismissed the five state claims without prejudice.

Likewise, in 2015 Kerr filed a pro se complaint against Zions Bank and Nationstar in state district court. Kerr asserted the same eight claims that Douglas had raised in federal court. The state district court dismissed all eight claims with prejudice. No appeal was taken.

In 2016 Douglas and Kerr jointly filed another pro se complaint in district court. The complaint named Zions Bank, Nationstar, and Prince and Yeates, P.C. (Prince) as defendants and contained the same eight claims raised in the dismissed 2015 actions. Zions Bank and Nationstar filed motions for summary judgment,[1] and Prince filed a motion to dismiss. The district court granted the motions in favor of Zions Bank, Nationstar, and Prince. Douglas and Kerr timely appeal.

---

[1]     It appears from the record that Zions Bank actually filed a motion to dismiss, but the district court treated the motion to dismiss as a motion for summary judgment.

## II.

## ANALYSIS

On appeal, Douglas and Kerr make the same arguments they made in the district court and add several new arguments.[2] As a preliminary matter, we note that Douglas and Kerr have not supported their arguments on appeal with citations to the record, relevant authority, or cogent thought. A party waives an issue on appeal if either argument or authority is lacking. *Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct. App. 1997). We affirm the district court on this basis. Although Douglas and Kerr's failures in briefing warrant summary affirmance of the district court's decision, we nevertheless address whether they raised a genuine issue of material fact and several other issues.[3]

### A.     Issues Raised for the First Time on Appeal

Douglas and Kerr make several new arguments on appeal. They assert: (1) they established a claim for intentional infliction of emotional distress; (2) there was a civil and criminal conspiracy between Zions Bank, Nationstar, and the district court to accomplish an unlawful objective; and, (3) Zions Bank violated the Fair Debt Collection Practices Act. Generally, issues not raised below may not be considered for the first time on appeal. *Sanchez v. Arave*, 120 Idaho 321, 322, 815 P.2d 1061, 1062 (1991). Douglas and Kerr's complaint did not present these issues, nor did the district court address them in deciding the motions. Because Douglas and Kerr raise these issues for the first time on appeal, we will not consider them.

### B.     Zions Bank and Nationstar's Motions for Summary Judgment

Douglas and Kerr assert they raised a genuine issue of material fact before the district court to preclude summary judgment in favor of Zions Bank and Nationstar. On appeal, we

---

[2]      Pro se litigants are held to the same standards as those litigants represented by counsel. *Michalk v. Michalk*, 148 Idaho 224, 229, 220 P.3d 580, 585 (2009). Pro se litigants are not excused from abiding by procedural rules simply because they are appearing pro se and may not be aware of the applicable rules. *Id.*

[3]      In addition, Douglas and Kerr have failed to provide a record, including any evidence to support their claims, as required by Idaho Appellate Rule 28(a) and (c). It is the responsibility of the appellant to provide a sufficient record to substantiate his or her claims on appeal. *Powell v. Sellers*, 130 Idaho 122, 127, 937 P.2d 434, 439 (Ct. App. 1997). In the absence of an adequate record on appeal to support the appellant's claims, we will not presume error. *Id.* Documents attached to an appellate brief are not evidence which may be considered on appeal, unless those documents are also contained in the record on appeal.

exercise free review in determining whether a genuine issue of material fact exists and whether the moving party is entitled to judgment as a matter of law. *Edwards v. Conchemco, Inc.*, 111 Idaho 851, 852, 727 P.2d 1279, 1280 (Ct. App. 1986). Summary judgment is proper if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. I.R.C.P. 56(c). The movant has the burden of showing that no genuine issues of material fact exist. *Stoddart v. Pocatello Sch. Dist. No. 25*, 149 Idaho 679, 683, 239 P.3d 784, 788 (2010). The burden may be met by establishing the absence of evidence on an element that the nonmoving party will be required to prove at trial. *Dunnick v. Elder*, 126 Idaho 308, 311, 882 P.2d 475, 478 (Ct. App. 1994). Such an absence of evidence may be established either by an affirmative showing with the moving party's own evidence or by a review of all the nonmoving party's evidence and the contention that such proof of an element is lacking. *Heath v. Honker's Mini-Mart, Inc.*, 134 Idaho 711, 712, 8 P.3d 1254, 1255 (Ct. App. 2000). Once such an absence of evidence has been established, the burden then shifts to the party opposing the motion to show, via further depositions, discovery responses or affidavits, that there is indeed a genuine issue for trial or to offer a valid justification for the failure to do so under Idaho Rule of Civil Procedure 56(d). *Sanders v. Kuna Joint School Dist.*, 125 Idaho 872, 874, 876 P.2d 154, 156 (Ct. App. 1994). Disputed facts and reasonable inferences are construed in favor of the nonmoving party. *Castorena v. Gen. Elec.*, 149 Idaho 609, 613, 238 P.3d 209, 213 (2010). This Court freely reviews issues of law. *Cole v. Kunzler*, 115 Idaho 552, 555, 768 P.2d 815, 818 (Ct. App. 1989).

### 1. Res judicata

Zions Bank and Nationstar argue Douglas and Kerr failed to raise a genuine issue of material fact because res judicata bars their claims. Res judicata prevents the litigation of causes of action which were finally decided in a previous suit. *Gubler By and Through Gubler v. Brydon*, 125 Idaho 107, 110, 867 P.2d 981, 984 (1994). As a general proposition, res judicata prevents litigants who were parties in a prior action and those in privity with them from bringing or having to defend a claim arising from the transaction or series of transactions giving rise to the first suit. *Id.* The review of a trial court's ruling on whether an action is barred by res judicata is a question of law over which this Court has de novo review. *Ticor Title Co. v. Stanion*, 144 Idaho 119, 122, 157 P.3d 613, 616 (2007).

4

### a. Parties

Res judicata applies only if both actions involve the same parties or their privies. *Gubler*, 125 Idaho at 110, 867 P.2d at 984. Privity exists where a party in a current action derives a direct interest in the outcome of an earlier action from a party in that earlier action. *Id.*

Although Douglas was not a party in the prior action, the district court held that Douglas was in privity with Kerr at the time the prior action was dismissed. We agree. Douglas purchased the properties before conveying a one-half interest in both properties to Kerr. Accordingly, Douglas's one-half interest in the properties was directly tied to the outcome of Kerr's 2015 action. Douglas, therefore, was in privity with Kerr because he obtained a direct interest in the outcome of that case.

Additionally, both actions involve the same parties. Kerr, Zions Bank, and Nationstar were parties to the 2015 action and are parties in this action. Kerr has not disputed that he was a party to the prior action, and neither Douglas nor Kerr have disputed that they were in privity. Therefore, res judicata applies to Douglas and Kerr here.

### b. Claims

Res judicata applies to "'all claims arising out of the same transaction or series of transactions out of which [an earlier] action arose.'" *Ticor Title Co.*, 144 Idaho at 126, 157 P.3d at 620 (quoting *Magic Valley Radiology, P.A. v. Kolouch*, 123 Idaho 434, 437, 849 P.2d 107, 110 (1993)). In other words, res judicata applies to bar all claims "which were actually made or which might have been made" in an earlier action. *Hindmarsh v. Mock*, 138 Idaho 92, 94, 57 P.3d 803, 805 (2002).

The district court held that res judicata applied to bar all of Kerr's claims against Zions Bank and Nationstar. We agree. All eight claims raised by Douglas and Kerr in this action were actually made in the earlier action. In the 2015 case, Kerr made eight claims against Zions Bank and Nationstar: (1) breach of contract, (2) breach of the implied covenant of good faith and fair dealing, (3) unjust enrichment, (4) breach of fiduciary duty, (5) tortious interference with a mortgage contract, (6) violations of the Truth in Lending Act, (7) violations of the anti-tying provisions of the Bank Holding Company Act, and (8) violations of the Racketeer Influenced and Corrupt Organizations Act. In this action, Kerr and Douglas made eight identical claims. Neither Douglas nor Kerr dispute that the eight claims raised in this case are the same as the

claims made in Kerr's 2015 action. Because these eight claims were actually made in the prior action and arise from the same series of transactions, res judicata applies to them here.

### c. Final judgment

Res judicata applies only if there was a valid final judgment on the merits in the earlier action. *See Hindmarsh*, 138 Idaho at 94, 57 P.3d at 805. There was a final judgment rendered on the merits in the 2015 action. In that case the district court determined that Kerr failed to raise any genuine issues of material fact and granted summary judgment in favor of Zions Bank and Nationstar. Kerr did not appeal. Douglas and Kerr do not dispute that the district court in 2015 rendered a final judgment on the merits by summarily dismissing all eight claims. Thus, res judicata prevents Kerr, who was a party in the prior action, and Douglas who was in privity with Kerr, from bringing all eight claims against Zions Bank and Nationstar here.

Therefore, Douglas and Kerr failed to raise a genuine issue of material fact because the requirements of res judicata are satisfied.

### 2. Merits of Douglas and Kerr's claims

On appeal, Douglas and Kerr argue the district court improperly dismissed their claims because they raised a genuine issue of material fact. Zions Bank and Nationstar argue that Douglas and Kerr's causes of action failed to raise a genuine issue of material fact because the claims fail on the merits. The district court concluded Douglas and Kerr failed to raise a genuine issue of material fact and their claims failed on the merits. We agree.

### a. Breach of contract

Douglas and Kerr alleged Zions Bank and Nationstar altered their mortgage after the original agreements were finalized by requiring them to pay force-placed lender insurance. Zions Bank and Nationstar argue Douglas and Kerr failed to plead a claim showing a breach by either party.

The district court held that Douglas and Kerr failed to properly plead a claim for breach of contract because they had not identified any term of the contract that precluded Zions Bank and Nationstar's actions. We agree. In order to successfully bring a claim for breach of contract, the plaintiff must show there was a contract, it was breached, and the plaintiff suffered economic damage. *Melaleuca, Inc. v. Foeller*, 155 Idaho 920, 924, 318 P.3d 910, 914 (2014). When claiming that a breach of contract had occurred, Douglas and Kerr needed to cite to some term in the contract and present facts that show how Zions Bank and Nationstar violated that term. A

6

review of the record reveals that they failed to do so. Accordingly, they failed to raise a genuine issue of material fact with regard to the breach of contract claim.

### b. Breach of the implied covenant of good faith and fair dealing

Douglas and Kerr alleged Zions Bank and Nationstar breached the implied covenant of good faith and fair dealing. Zions Bank and Nationstar argued Douglas and Kerr failed to allege any facts showing that either party breached the implied covenant of good faith and fair dealing.

The district court held that Douglas and Kerr failed to plead a cause of action for breach of the implied covenant of good faith and fair dealing because they offered no direct allegations relating to attempts to prevent Douglas from enjoying the benefit of the contract. We agree. The covenant of good faith and fair dealing arises in connection with the terms of an agreement. *Idaho First Nat. Bank v. Bliss Valley Foods, Inc.*, 121 Idaho 266, 287, 824 P.2d 841, 863 (1991). The covenant is breached only when a party violates, nullifies, or significantly impairs the intended benefits of the contract. *Id*. at 288, 824 P.2d at 863. In order to establish a claim for relief in the pleadings, Douglas and Kerr needed to recite at least some terms of the agreement and allege what conduct by Zions Bank and Nationstar violated the intended benefits of the agreement. Instead, Douglas and Kerr allege breach, offer legal explanations as to what the covenant entails, and request relief from the court. They do not, however, allege any facts that suggest either Nationstar or Zions Bank prevented them from enjoying any terms of a contract. Accordingly, they failed to raise a genuine issue of material fact with regard to their breach of the covenant of good faith and fair dealing claim.

### c. Unjust enrichment

Douglas and Kerr alleged Zions Bank and Nationstar were unjustly enriched by requiring them to pay force-placed lender insurance. Zions Bank and Nationstar argue Douglas's unjust enrichment claim is proscribed by law and Kerr failed to introduce evidence supporting the claim.

The district court held that Douglas was precluded from claiming unjust enrichment because he had enforceable contracts that precluded unjust enrichment claims against Zions Bank and Nationstar. We agree. A party cannot claim unjust enrichment where there is an enforceable express contract between the parties covering the same subject matter. *Vanderford Co., Inc. v. Knudson*, 144 Idaho 547, 558, 165 P.3d 261, 272 (2007). Douglas has never disputed

7

that he had contracts with both Zions Bank and Nationstar. Therefore, he is precluded from raising an unjust enrichment claim here.

The district court held that Kerr did not introduce evidence to raise an inference that Zions Bank and Nationstar were unjustly enriched. We agree. In order to successfully bring a claim for unjust enrichment, the plaintiff must show: (1) there was a benefit conferred upon the defendant by the plaintiff, (2) appreciation by the defendant of such benefit, and (3) acceptance of the benefit under circumstances that would be inequitable for the defendant to retain the benefit without payment to the plaintiff for the value thereof. *Id.* In order to establish a claim for relief in the pleadings, Kerr needed to allege he conferred a benefit on Zions Bank and Nationstar, that Zions Bank and Nationstar appreciated the benefit, and that it would be inequitable for Zions Bank and Nationstar to retain the benefit without paying Kerr the value of the benefit. Instead, a review of the record reveals that Kerr makes only bare assertions that Zions Bank and Nationstar were unjustly enriched by the force-placed lenders insurance payments. Accordingly, both Douglas and Kerr failed to raise a genuine issue of material fact with regard to the unjust enrichment claim.

### d. Breach of fiduciary duty

Douglas and Kerr alleged Zions Bank and Nationstar breached fiduciary duties. Zions Bank and Nationstar argue that they owed no fiduciary duty to Douglas or Kerr.

The district court held that Douglas and Kerr failed to establish that there was an existing fiduciary duty owed by Zions Bank and Nationstar. We agree. In order to establish a claim for breach of a fiduciary duty, the party asserting the claim must establish that a fiduciary duty actually existed and that the duty was breached. *Bushi v. Sage Health Care, PLLC*, 146 Idaho 764, 769, 203 P.3d 694, 699 (2009). No fiduciary duty ordinarily arises between lender and borrower in an arm's length mortgage transaction. *See Anderson v. Michel*, 88 Idaho 228, 237, 398 P.2d 228, 233 (1965); *Wade Baker & Sons Farms v. Corporation of Presiding Bishop of Church of Jesus Christ of Latter-Day Saints*, 136 Idaho 922, 928, 42 P.3d 715, 721 (Ct. App. 2002). In order to establish a claim for relief in the pleadings, Douglas and Kerr needed to allege what conduct by Zions Bank and Nationstar gave rise to the existence of a fiduciary relationship. However, Douglas and Kerr do not allege any facts that suggest either Nationstar or Zions Bank owed them a fiduciary duty. Accordingly, they failed to raise a genuine issue of material fact with regard to the breach of fiduciary duty claim.

8

####### e. Tortious interference with a mortgage contract

Douglas and Kerr alleged Zions Bank and Nationstar interfered with their rights under the mortgage contracts. Zions Bank and Nationstar argue that they cannot interfere with their own contracts.

The district court held that Zions Bank and Nationstar could not interfere with their own contracts. We agree. A party cannot tortiously interfere with its own contract. *Ostrander v. Farm Bureau Mut. Ins. Co. of Idaho, Inc.*, 123 Idaho 650, 654, 851 P.2d 946, 950 (1993). Because Douglas and Kerr contend that Zions Bank and Nationstar interfered with their own mortgage contracts, they failed to raise a genuine issue of material fact.

####### f. Violations of the Truth in Lending Act

Douglas and Kerr alleged Zions Bank and Nationstar violated the Truth in Lending Act (TILA) by failing to provide disclosures required by federal regulation. Nationstar argues the TILA claim was time barred.

The district court held the claim is barred by the statute of limitations. We agree. In a closed-end credit[4] arrangement, the creditor must make certain disclosures before the transaction is consummated. 12 Code of Federal Regulations § 1026.17(b) (2017). A claim for failing to make disclosures required under TILA must be filed within one year from the date of the violation's occurrence. 15 United States Code § 1640(e) (2012). Therefore, a violation of TILA occurs and the one-year limitations period begins to run when the plaintiff executes his loan documents. *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1045 (9th Cir. 2011). The loan at issue here was executed on January 3, 2006. Thus, under TILA, Zions Bank was required to make the disclosures before the consummation of the transaction on January 3, 2006. Likewise, the statute of limitations for claims arising from any alleged disclosure violations began to run on January 3, 2006. The statute of limitations expired one year later on January 3, 2007. However, Douglas and Kerr filed this claim on May 24, 2016, well outside the one year statute of limitations. Accordingly, Douglas and Kerr failed to raise a genuine issue of material fact with regard to the TILA claim.

####### g. Violations of the Bank Holding Company Act

Douglas and Kerr alleged Zions Bank and Nationstar violated the anti-tying provisions of the Bank Holding Company Act (BHCA) by putting the mortgage into a holding company and

---

[4] 12 Code of Federal Regulations § 1026.2(a)(10) (defining "closed-end credit").

9

modifying the mortgage contract. Nationstar argues that Douglas and Kerr failed to allege service-tying.

The district court held Douglas and Kerr made no allegation that Zions Bank and Nationstar had tied additional services to the mortgage contract. We agree. The BHCA prevents a bank from extending credit, or fixing or varying the consideration for extending credit, on the condition that a borrower use the bank's other services. 12 U.S.C. § 1972(1) (2012). In order to establish a claim for relief in the pleadings, Douglas and Kerr needed to allege at least some conduct by Zions Bank and Nationstar whereby they required Douglas and Kerr to use other services as a condition for obtaining the loan. Douglas and Kerr allege only that Zions Bank and Nationstar violated the BHCA by imposing force-placed lender insurance on the mortgaged property. Accordingly, they failed to raise a genuine issue of material fact with regard to the BHCA claim.

### h. Violations of the Racketeer Influenced and Corrupt Organizations Act

Douglas and Kerr alleged Zions Bank and Nationstar violated the Racketeer Influenced and Corrupt Organizations Act (RICO) by using emails and wire communications to organize and execute a scheme to defraud. Nationstar argues that Douglas and Kerr failed to allege facts that support a RICO claim.

The district court held Douglas and Kerr offered no evidence to suggest Zions Bank and Nationstar's actions constituted anything other than garden-variety foreclosure. We agree. To state a claim for a violation of 18 U.S.C. § 1962(c), the section on which Douglas and Kerr rely, a plaintiff must allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 496 (1985) (footnote omitted). "Racketeering activity" means any act indictable as mail fraud, wire fraud, or the interstate transportation of stolen property. 18 U.S.C. §§ 1341, 1343, 2314-15 (2012). A "pattern of racketeering activity" requires at least two acts of racketeering activity within ten years. 18 U.S.C. § 1961(5) (2012). To prove a pattern of racketeering activity, a plaintiff must show that the racketeering predicates are related and that they amount to, or pose a threat of, a continued criminal activity. *H.J. Inc., v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 239 (1989); *Ticor Title Ins. Co. v. Florida*, 937 F.2d 447, 450 (9th Cir. 1991). The record reveals that Douglas and Kerr failed to allege any racketeering activity by Nationstar or Zions Bank. Moreover, their claim fails to establish any pattern of such racketeering activity. Accordingly,

Douglas and Kerr failed to raise a genuine issue of material fact with regard to the RICO claim. Therefore, in addition to being barred by res judicata, Douglas and Kerr's claims fail to raise a genuine issue of material fact because the claims all fail on their merits.

**D.     Prince's Motion to Dismiss**

Finally, Douglas and Kerr make no argument about the district court's decision to grant Prince's motion to dismiss. Prince asserts that Douglas and Kerr failed to allege any specific wrongdoing by Prince. The district court concluded that Douglas and Kerr failed to make a short and plain statement of claims showing that they were entitled to relief and granted Prince's motion to dismiss pursuant to I.R.C.P. 12(b)(6). We agree with both Prince and the district court.

As an appellate court, we will affirm a trial court's grant of a Rule 12(b)(6) motion where the record demonstrates that there are no genuine issues of material fact and the case can be decided as a matter of law. *Coghlan v. Beta Theta Pi Fraternity*, 133 Idaho 388, 398, 987 P.2d 300, 310 (1999). When reviewing an order of the district court dismissing a case pursuant to Rule 12(b)(6), the nonmoving party is entitled to have all inferences from the record and pleadings viewed in its favor, and only then may the question be asked whether a claim for relief has been stated. *Coghlan*, 133 Idaho at 398, 987 P.2d at 310. The issue is not whether the plaintiff will ultimately prevail, but whether the party is entitled to offer evidence to support the claims. *Orthman v. Idaho Power Co.*, 126 Idaho 960, 962, 895 P.2d 561, 563 (1995).

Nowhere in the record did Douglas or Kerr allege facts or wrongdoing by Prince. Prince is mentioned only in the caption of the complaint and in the caption of the certificates of service. Thus, even with all inferences from the record and pleadings viewed in Douglas and Kerr's favor, there is no way for this Court to determine which claims, if any, Douglas and Kerr made against Prince. Accordingly, they failed to raise any genuine issues of material fact against Prince.

**III.**

**CONCLUSION**

Douglas and Kerr's failures in briefing warrant summary affirmance of the district court's decision. Irrespective of Douglas and Kerr's failures in briefing, we conclude there were no genuine issues of material fact as to any of Douglas and Kerr's claims, thus entitling Zions Bank, Nationstar, and Prince Yeats to judgment as a matter of law. Accordingly, we affirm the district

11

court's orders granting summary judgment in favor of Nationstar Mortgage and Zions Bank and granting Prince's motion to dismiss. Costs awarded to respondents.

Judge GUTIERREZ and Judge HUSKEY **CONCUR**.